## 19987. McCALL v. THE STATE.

BROYLES, C. J. 1. Where one finds personal property belonging to another, and takes and carries it away, with the intent to steal it, he is guilty of simple larceny. The gravamen of the offense is the taking and

the asportation—the slightest change of location (*Johnson* v. *State*, 9 *Ga. App:* 409, 71 S. E. 507) of the property, with the intent to steal the same. *Slaughter* v. *State*, 113 *Ga.* 284, 287 (38 S. E. 854, 84 Am. St. R. 242), and cit.

2. In the crime of simple larceny, as defined by section 152 of the Penal Code of 1910, the words "taking with intent to steal" are synonymous with the words "fraudulent conversion" in cases of larceny after trust. *Hagood* v. *State*, 5 *Ga. App.* 80 (5) (62 S. E. 641).

3. In the instant case the accused was convicted of simple larceny, under an accusation which charged that he "did unlawfully find [certain described personal property] . . the personal property of H. M. Farris, of the value of $20.00, then and there found, did take and carry away with intent to steal same." There was no demurrer to the accusation, but, after conviction, the accused filed a motion to arrest the judgment, on the grounds that the "accusation was fatally defective and void . . for the reason that it fails to allege that the taking of the property . . was either unlawful or wrongful, or fraudulent, whereas, under the terms of the law and statute defining the said offense, such taking must have been both wrongful and fraudulent in order to constitute the offense of simple larceny, [and that] the said accusation charges no violation of any penal law of this State." *Held:* Under the above-stated rulings the accusation was not fatally defective and void. The defects therein, if there were any, were amendable and were cured by the verdict and judgment, and the court properly refused to arrest the judgment. The cases cited in the brief of counsel for the plaintiff in error are distinguished by their facts from this case.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1929.

*C. E. Hay, J. J. Gainey,* for plaintiff in error.
*B. B. Earle, solicitor,* contra.