## 49034. A. C. G. v. STATE OF GEORGIA.

STOLZ, Judge.

This is an appeal in behalf of a 16-year-old boy adjudged in juvenile court proceedings to be a delinquent child in need of correction, treatment, care and rehabilitation, in that on or about August 25, 1973, he committed the delinquent act of theft by taking. He was ordered continued in the custody of the Division for[1] Children and Youth for care, supervision and planning. *Held:*

1. The trial judge did not err in allowing an officer of the sheriff's department to testify at the adjudication hearing with respect to extra-judicial, incriminatory statements made to him by the child.

Whether the statement was made at an "informal detention hearing," required by Code Ann. § 24A-1404 (c) (Ga. L. 1971, pp. 709, 725), or at any of the other "stages of any proceedings alleging delinquency, unruliness and deprivation," Code Ann. § 24A-2001 (a) (Ga. L. 1971, pp. 709, 730), the accused was entitled to counsel. *T. K. v. State of Ga.,* 126 Ga. App. 269 (190 SE2d 588); § 24A-2001 (a), supra. The right to counsel may be waived, however, unless the child is "not represented by his parent, guardian, or custodian." § 24A-2001 (a), supra; *T. K. v. State of Ga.,* supra, and cits.

Here, the party was represented by both his mother, who had custody of him, and his stepfather. As in *Mack v. State of Ga.,* 125 Ga. App. 639, 640 (188 SE2d 828), the child was advised of "his right to remain silent, the effect of any statements, the right to have a lawyer present, and

---

[1]Designated "Division *for* Children and Youth" (emphasis supplied) in the "Children and Youth Act" which created it, Code Ann. § 99-204 (a) (Ga. L. 1963, pp. 81, 86), and referred to as "Division *of* Children and Youth" (emphasis supplied) throughout the Juvenile Court Code. Code Title 24A (Ga. L. 1971, p. 709).

the right to have a lawyer provided, if they could not afford one." Upon being asked, the boy, his mother, and his stepfather all indicated that they understood these rights, and the 16-year-old boy, in the presence of the others, indicated his willingness to talk to the officer without a lawyer present, whereupon he signed the waiver of counsel and made the statement.

2. The trial judge did not err in denying the child's motion for directed verdict on either of the two grounds urged.

(a) The petition alleging delinquency set forth as facts, in substance, that on or about 8/25/73 the child took from the petitioner's pick-up truck a number of described items (a checkbook/wallet and some tools). It is contended that the petition was fatally defective in its failure to allege ownership and value of the items, and the child's intent to steal. See Code Ann. § 26-1802 (a) (Ga. L. 1968, pp. 1249, 1290); *Columbus R. Co. v. Woolfolk,* 128 Ga. 631, 633 (58 SE 152); *McCall v. State,* 40 Ga. App. 543 (150 SE 469).

"The juvenile court is a civil court, not a criminal court, and an adjudication of delinquency is not a conviction of crime. Code Ann. § 24A-2401 (Ga. L. 1971, pp. 709, 736)." *K. M. S. v. State of Ga.,* 129 Ga. App. 683, 684 (200 SE2d 916). However, "Code Ann. § 24A-401 (e) (1) defines a delinquent act as one 'designated a crime by the laws of Georgia...' ", id., p. 685, and the petition filed pursuant to Code Ann. § 24A-1603 (Ga. L. 1971, pp. 709, 726) must set forth the alleged misconduct with particularity. Id., p. 684, citing In re Gault, 387 U.S. 1, 33 (87 SC 1428, 18 LE2d 527) and *D. P. v. State,* 129 Ga. App. 680 (200 SE2d 499). Although the alleged defects might have voided the indictment if properly raised, "[a] fatal defect in an indictment cannot be taken advantage of by directing the jury to find a verdict of not guilty. The proper method before verdict is to demur, or after verdict to move in arrest of judgment." *Wood v. State of Ga.,* 46 Ga. 322 (2); cf. *Boswell v. State,* 114 Ga. 40, 41 (2) (39 SE 897). The motion for a directed verdict goes to the sufficiency of the *evidence,* not the sufficiency of the *pleading* — the petition in this case.

(b) The refusal to direct a verdict of acquittal was

not error because such a verdict was not demanded as a matter of law. *Munsford v. State,* 129 Ga. App. 547, 549 (3) (199 SE2d 843) and cit. "A confession validly made by [a] child out of court is insufficient to support an adjudication of delinquency unless it is corroborated in whole or in part by other evidence." Code Ann. § 24A-2002 (Ga. L. 1971, pp. 709, 731). Here, the child's confession was corroborated by evidence which identified the stolen property as that of the petitioner and established its value ($50-$75), and which showed that, pursuant to a valid search, the stolen items were found in the child's possession in his automobile, some 10 to 15 miles from the scene of the taking and within a few hours thereafter. This evidence, along with the confession, constituted the proof "beyond a reasonable doubt," which was required for the judge's finding. See Code Ann. § 24A-2201, supra (b); *T. K. v. State of Ga.,* 126 Ga. App. 269, supra, p. 275 (3).

3. It is contended that a reading of the provision in Code Ann. § 24A-2201 (b)—that "[i]n the absence of evidence to the contrary, evidence sufficient to warrant a finding that acts have been committed which constitute a *felony* is also sufficient to sustain a finding that the child is in need of treatment or rehabilitation" (emphasis supplied)—together with the provision of § 24A-2201 (c) — for the court to *find* "from clear and convincing evidence that the child . . . (2) is in need of treatment or rehabilitation as a delinquent child . . ."—requires the conclusion that, in a case, as here, where the acts constitute a *misdemeanor,* the judge must include in the dispositional order a specific finding that the child is in need of treatment, rehabilitation or supervision.

The decision that the child "is in need of treatment or rehabilitation," based upon "clear and convincing evidence," is made following a finding of delinquency. *T. K. v. State of Ga.,* 126 Ga. App. 269, supra, p. 276, fn. 4. Just as the statute does not require the court to include a specific, "abracadabra statement" as to the standard of proof of *delinquency* in the adjudication order (id., p. 276), no such explicit finding is required as to the need for treatment or rehabilitation, as long as the record shows that there is clear and convincing evidence which

authorizes the judge's implicit finding (implied from his action committing the child to the Division for Children and Youth). In the present case, such evidence consists of the child's already being on probation, the proof of his present delinquency, and his escape from the custody of the division pending the adjudication and dispositional hearings (which were conducted consecutively within the same hearing in this case).

4. The opportunity of cross examining adverse witnesses, the right to which is guaranteed by Code Ann. § 24A-2002 (a), supra, is afforded *"upon request."* Code Ann. § 24A-2201 (d). (Emphasis supplied.) The child's counsel not having requested the opportunity of cross examining the witness who testified as to the child's escape from custody and his subsequent apprehension, his conditional right of cross examination was not abridged.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Submitted February 11, 1974 — Decided March 5, 1974.

*Johnson & Casper, Michael R. Casper,* for appellant.
*Greer, Sartain & Carey, Tifton S. Greer,* for appellee.

