Clark, Judge.
"Oh, for the wisdom of Solomon!” That plea is frequently heard from juvenile court judges when seeking a solution which will hopefully prevent a child from becoming a problem adult. Such omniscience is indeed desired in a case such as is now on appeal involving a fifteen-year-old girl, the product of an unstable home environment including tragic family deaths and a mother who has been married six times. Appellate judges also need and make the same prayer for Solomon-like sagacity, but we are limited in action because we serve as a court for the correction of legal errors. Whereas the trial court has direct contact with human beings, we must decide in the abstract: our task is to ascertain from the statutes and adjudicated cases the applicable controlling legal principles.
The instant appeal represented the third juvenile court appearance for appellant and her mother. The first two occasions resulted in the appellant being denominated "an unruly child” as defined in Code Ann. § 24A-401 (g) (4). These previous instances involved the child running away from home. Despite prescribed probations during which court personnel used community rehabilitative resources their corrective efforts proved unsuccessful and the unhappy family situation remained. During one of the run-away periods the girl had married in Alabama by falsifying her age. Finally, as a result of the mother’s report to the court of her daughter’s defaults the court set a hearing for both parent and child in which the charge was made that the child was in violation of her probation on five counts. At that time the daughter was under treatment in a hospital psychiatric ward after she and a named older man with whom she had been living became " 'strung out’ on drugs (marijuana).” (R. 67).
The record shows that on each of the three occasions when mother and daughter appeared for hearings, they *845 had signed a court form which is under attack in this appeal. This document acknowledged receipt of a written copy of charges and written notice to appear, stated the right to have representation by a lawyer, that if funds were lacking an attorney would be furnished, and that they had the right to waive such representation by a lawyer. At this point the form also stated in capital letters: do you want a lawyer? Yes-or No-. A check mark appears at the negative location on each of the three forms signed by both of them. The document also explained that "You have a right, to remain silent until you have a lawyer represent you” and the right to cross examine the witnesses. Furthermore, "Your child does not have to make any statement which would tend to incriminate him/her or amount to an admission by him/her of a crime, or amount to an admission of an act of juvenile delinquency.” It also explained that "This court can dismiss the charges, place the juvenile on probation, in a Youth Development Center or transfer to Adult Court for disposition in that court.”
On that same date a plea of guilty to violation of probation was entered and the court then adjudged the child "to be in a state of delinquency and in need of correction, treatment, care and rehabilitation.” Accordingly, the child was committed to the Division of Family and Children Services of the Department of Human Resources.
Legal counsel thereafter entered this case and this appeal followed.
The first enumeration urges error in the failure to appoint an attorney to represent the child because "appellant, a minor girl, was represented only by a parent whose interest conflicted with appellant’s in that said parent was the same person who brought the charges of violation of probation to the Court’s attention and caused a petition demanding adjudication of those charges to be filed.” Appellee argues absence of merit to this contention is two-fold: (a) there is no right to counsel in probation revocation hearings; and (b) even if entitled to counsel as an absolute right, there was an effective waiver by the voluntary signatures in open court of both mother and child.
*846 (A) We deal first with the right of counsel in revocation of probation hearings because of appellee’s reliance upon the recent Georgia Supreme Court decision of Mercer v. Hopper, 233 Ga. 620 (212 SE2d 799) with counsel quoting from the majority opinion the categorical statement that "there is no right to counsel at a probation revocation hearing in Georgia.” If this appeal involved an adult, then we would of course accept this judicial fiat from our supreme tribunal. This would be our duty by constitutional mandate. Code Ann. § 2-3708. Since, however, the instant case deals with our Juvenile Court Code, we examine its provisions to determine the manner in which our legislature has dealt with the subject and if a different rule applies in juvenile court.
That examination discloses that juvenile revocation of probation proceedings is not analogous to adult probation revocation hearings. As is pointed out in the Comment in the Annotated Code under § 24A-401, "The [Juvenile Court] Code distinguishes between a delinquent act and a delinquent child and between a delinquent child and a[n] unruly child.” Section 24A-2801 (b) provides that "An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.” Then, in § 24A-401(e) (2) we find that the definition of a "delinquent act” includes "the act of disobeying the terms of supervision contained in a court order which has been directed to a child who has been adjudicated delinquent or unruly...” Therefore, a hearing in juvenile court seeking termination of probation must be treated as a delinquency trial. Accordingly, the trial judge here acted properly in ruling the child to have been delinquent.
Our conclusion that such revocation of probation proceedings under the Juvenile Court Code differs from that involving adults leads us to the further decision that in the juvenile court the child is of right entitled to counsel at a hearing which covers a determination by the court concerning the existence of delinquency by reason of violation of probation conditions. This is certainly the intent of the General Assembly in providing in § 24A-2001 (a) that a juvenile "is entitled to representation *847 by legal counsel at all stages of any proceedings alleging delinquency unruliness and deprivation. . .” This statutory requirement of representation by an attorney in formal hearings, whether it be detention or adjudicatory, was recognized by our court in T.K. v. State of Ga., 126 Ga. App. 269, 274 (1) (190 SE2d 588).
(B) We next consider whether there was a valid waiver of counsel. Right to representation by an attorney for juveniles derives from the famed Supreme Court decision of In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527). The drafters of our enlightened 1971 Juvenile Court Code stated in their foreword that this decision "virtually demanded that Georgia’s then-existing juvenile court laws be examined with the view toward engrafting adult due process requirements into the procedures for juveniles charged with delinquency.” Section 24A-2001 of that Code legislates that right to counsel, as noted previously in this opinion.
Paragraph (a) of that section concludes with two sentences pertinent to our present considerations. The first is that "Counsel must be provided for a child not represented by his parent, guardian, or custodian.” Our court, in A. C. G. v. State of Ga., 131 Ga. App. 156 (1) (205 SE2d 435) ruled that this could be waived unless the child is "not represented by his parent, guardian or custodian.” The second sentence reads that "If the interests of two or more parties conflict, separate counsel shall be provided for each of them.”
Under the facts of the instant case we have concluded that the waiver of counsel by the mother does not satisfy statutory standards. "The right to representation by counsel is not a formality. It is not a grudging gesture to a ritualistic requirement. It is of the essence of justice.” Kent v. United States, 383 U. S. 541, 561 (86 SC 1045, 16 LE 84, 97). As this court noted in T. K. v. State of Ga., 126 Ga. App. 269, 274 (190 SE2d 588): "The legislature’s recognition of the importance of the lawyer to the accused juvenile is shown in the fact that the Act refers to counsel in eight different portions of the Juvenile Court Code. [Cits.]”
We cannot equate physical presence of a parent with meaningful representation. Daniels v. State, 226 Ga. 269, *848 273 (174 SE2d 422) ruled a waiver by a mother of her son’s Miranda rights was not valid because she was under the influence of whiskey. That decision and Code Ann. § 24A-2001 means that the mother who waives the child’s rights must be an unbiased mother, free of interests conflicting with the needs of her daughter whom she undertakes to represent — an ally, not an adversary. As complainant here on three occasions, the mother must legally be considered to be in conflict with the appellant daughter. The mother’s waiver of counsel here, therefore, is not binding upon the child.
The accused also purportedly "waived” her personal right to counsel by signing a printed form with seven questions or statements thereon, bearing a check mark (/) beside the printed word "no” appearing as an answer to the question "Do you want a lawyer?” The state argues that this is a complete and sufficient waiver to her right to counsel. At the two previous hearings identical forms and answers are on file. It is this probation revocation hearing by which she was committed with which this appeal is concerned. There is no transcript of the proceedings and testimony by which we can determine on this review that the accused understood the meaning of her "waiver.” Be that as it may, "the right to counsel may be waived . . ., Unless the child is 'not represented by his parent, guardian, or custodian,’ ” (Emphasis supplied). A. C. G. v. State of Ga., 131 Ga. App. 156 (1), supra. "Counsel must be provided for a child not represented by his parent. . .” Code Ann. § 24A-2001. (Emphasis supplied). Certainly here there was no competent representation of this girl by her mother, and the young girl’s waiver was therefore ineffective. Additionally, the circumstances here of the child’s psychiatric problems with her recent hospitalization and continuance of medications weakens the effect of the child’s waiver in the absence of any transcript as to the court’s investigation of this situation.
The court erred in not properly warning the accused that any incriminating statement could be used against her. This error was entwined in the failure to appoint counsel. The mimeographed or printed form referred to in Division 1 contains the phrase " You have the *849 right to remain silent until you have a lawyer represent you,” and also this recital: "Your child does not have to make any statement which would tend to incriminate him/her or amount to an admission by him/her of a crime, or amount to an admission of an act of juvenile delinquency.” Nowhere is there a warning on that form provided by the court, nor is there anything in the record to indicate an explanation by the court to the accused, that anything she said could and would be used against her.
"The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of foregoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege. Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system — that he is not in the presence of persons acting solely in his interest. ” Miranda v. Arizona, 384 U. S. 436, 469 (86 SC 1602, 16 LE2d 694, 721). This "[Constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults.” In re Gault, 387 U. S. 1, 55, supra. To the same effect are Code Ann. § 24A-2002 (b) and Freeman v. Wilcox, 119 Ga. App. 325, 327 (167 SE2d 163).
There is nothing to indicate that the accused was so warned.
Error was committed by the juvenile court by failure to cause the proceedings to be recorded by stenographic notes or by electronic, mechanical or other appropriate means, such not having been waived by the appellant.
Our Juvenile Court Code provides clearly that as to all hearings, "Unless waived by the juvenile and his parent, guardian or attorney, the .proceedings shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means.” Code Ann. § 24A-1801 (b). (Emphasis supplied). There was no waiver, and in the absence thereof the statute simply and plainly *850 mandates a recording of the proceedings.
This court should not disregard the crystal clear intent of the legislature as expressed in the statute, requiring a stenographic record of the proceedings, or a record by other appropriate means, the absence of which was both error and harmful to the rights of the accused.

Judgment reversed.

Pannell, P. J., and Quillian, J., concur.