139 Ga. App. 775 (1976)
229 S.E.2d 553
T. S. I.
v.
STATE OF GEORGIA.
52620.
Court of Appeals of Georgia.
Submitted September 14, 1976.
Decided October 4, 1976.
Bishop & Sexton, Fred A. Bishop, Jr., for appellant.
Bryant Huff, District Attorney, Richard Winegarden, Dawson Jackson, Robert A. Barnaby, II, Assistant District Attorneys, for appellee.
*776 DEEN, Presiding Judge.
1. "... An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed." Code Ann. § 24A-2801 (b). The threshold question in this appeal is whether "slight" evidence of probation violation is sufficient to authorize revocation of a juvenile's probation as is the case for adult revocation. Dickerson v. State, 136 Ga. App. 885 (222 SE2d 649). We find neither the rationale nor the holding of the Dickerson opinion to be controlling in juvenile probation revocation proceedings; that rationale and holding being that "a revocation hearing is not a `trial' to determine the guilt of a probationer for the commission of a misdemeanor or a felony... [I]t is not required that the court in order to revoke be convinced beyond a reasonable doubt that defendant has violated a condition of his probation." Id. p. 886.
As noted, Code Ann. § 24A-2801 (b) provides for revocation on the ground that conditions of probation have not been observed; Code Ann. § 24A-401 (e) (2) provides that an act of disobeying the terms of supervision contained in a court order directed to a child who has been adjudicated delinquent is a "delinquent act." Code Ann. § 24A-401 (f) defines "delinquent child" as one who has committed a delinquent act and is in need of treatment or rehabilitation. Thus it is clear that in order to revoke a juvenile's probation what is required is a de novo hearing to determine whether a "delinquent act" has been committed and that the child is "delinquent." "... [J]uvenile revocation of probation proceedings is not analogous to adult probation revocation hearings.... [A] hearing in juvenile court seeking termination of probation must be treated as a delinquency trial." K. E. S. v. State of Ga., 134 Ga. App. 843, 846 (216 SE2d 670). (Emphasis supplied.) Since juvenile probation revocation proceedings are in fact a delinquency trial (unlike adult revocation proceedings) it follows that a finding of delinquency through parole violation must be on "proof beyond a reasonable doubt" (again unlike adult proceedings). Code Ann. § 24A-2201(b). In short, "slight" evidence will not be sufficient to authorize the revocation *777 of a juvenile's probation.
2. Having decided that there must be more than mere "slight evidence" to support a finding of delinquency and probation violation, we turn to the petition dealing with the commission of burglary.
The evidence presented consisted of testimony that the appellant had confessed that "he broke in a white house, white wood house and oh, went on to tell me that it was the one his brother Danny had been arrested on and he had taken some guns out of it." "A confession validly made by [a] child out of court is insufficient to support an adjudication of delinquency unless it is corroborated in whole or in part by other evidence." Code Ann. § 24A-2002 (b). In corroboration of the confession, a witness for the state testified that he lived in a "white wood frame house" and that his home had been burglarized of four guns. Another witness established that the appellant's brother had been arrested for burglarizing this same "white wood house." "A confession of burglary is sufficiently corroborated where there is other testimony that the buildings named in the indictment have been burglarized, and that the defendant admits he stole certain articles shown to have been removed from them." Gray v. State, 135 Ga. App. 253, 254 (217 SE2d 482).
We believe there was sufficient corroboration of the appellant's confession to support the finding that the appellant committed a "delinquent act" within the meaning of Code Ann. § 24A-401 (e) (2) and to authorize the revocation of his probation under Code Ann. § 24A-2801 (b). "... [T]he trial judge here acted properly in ruling the child to have been delinquent." K. E. S. v. State of Ga., 134 Ga. App. 843, 846, supra.
3. There being sufficient evidence to support the court's finding of delinquency and probation violation through burglary and to authorize revocation of probation, we do not pass on the merits of the appellant's challenge to the sufficiency of the evidence in support of the findings as to truancy and motor vehicle theft.
Judgment affirmed. Quillian and Webb, JJ., concur.