### 38942. FULTON COUNTY DETENTION CENTER v. ROBERTSON.

JORDAN, Chief Justice.

The custodial parent brought this child custody habeas corpus proceeding in the Superior Court of Fulton County seeking custody of his sixteen-year-old child who was being detained by the juvenile authorities at the Fulton County Detention Center under an order of the Juvenile Court of Fulton County that allegedly was void for want of personal service of process on the juvenile in the juvenile court proceedings that had resulted in the detention order. The superior court agreed with the custodial parent and held the juvenile proceedings void for lack of personal service on the minor. The juvenile authorities appeal, contending that service of process properly was waived by implication by the appearance of the juvenile, his parent, and his attorney at law in the juvenile court proceedings without objecting to lack of service. We agree with the juvenile authorities and reverse.

Code Ann. § 24A-1701 (b) provides, in relevant part, that "The

summons shall also be directed to the child if he is 14 or more years of age or is alleged to be a delinquent or unruly child." No attempt at service was made in this case. Code Ann. § 24A-1702. Instead, the minor child attended the juvenile proceedings accompanied by his parent and legal counsel. The juvenile court determined pursuant to Code Ann. § 24A-1701 (f) that the juvenile's parent impliedly waived service of process upon the juvenile by appearing without objecting through counsel to the failure to perfect service. The superior court disagreed, and set aside the order of the juvenile court. We hold that if the child is present at the juvenile court hearing with his parent and counsel, his parent impliedly may waive service of summons on the child's behalf by voluntary appearance at the hearing without objection to lack of service. Code Ann. § 24A-1701 (f). We accordingly reverse the judgment of the superior court.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Guy Parker,* for appellant.
*Jay Britten Miller, Jr.,* for appellee.