## A00A2195. IN THE INTEREST OF A. T., a child.
(539 SE2d 540)

PHIPPS, Judge.

A delinquency petition charged A. T. with possession of a controlled substance with intent to distribute.

A. T. and his guardian appeared at the detention hearing without counsel. At that hearing, the prosecutor announced the State's intent to ask for a dispositional order providing for A. T.'s placement in restrictive custody, on grounds that the offense charged was a "designated felony act" under OCGA § 15-11-63 (a) (2) (B) (vii) by reason of A. T.'s three prior felony adjudications.

At the adjudication/disposition hearing, A. T. was represented by counsel. Defense counsel objected to placing the child in restrictive

---

custody because the delinquency petition did not give notice that the State was invoking OCGA § 15-11-63. The trial court overruled the objection, but offered to grant the defense a continuance. After being informed that the defense did not want a continuance, the court placed A. T. in restrictive custody.

In this appeal, A. T. complains that he was denied due process of law as a result of the State's failure to provide him with written notice via the delinquency petition that he was being charged with a designated felony act. We disagree and affirm.

To satisfy due process, a delinquency petition must contain sufficient factual details to inform the juvenile of the nature of the offense and must provide data adequate to enable the accused to prepare his defense.[1] The petition in this case alleged that A. T. had committed the felony offense of possession of a controlled substance with intent to distribute in violation of OCGA § 16-13-30, thereby informing him of the nature of the offense with which he was charged. The petition further alleged that on or about January 13, 2000, A. T. had been found in possession of seven baggies of marijuana at or near 31st and Montgomery Streets in Savannah at approximately 2:00 p.m. This data was sufficient to enable A. T. to prepare his defense to the charge that he committed the act alleged.

OCGA § 15-11-63 mandates imposition of a sentence of restrictive custody if the offense which the juvenile has committed is a "designated felony act" as defined in subsection (a) and if certain elements set forth in subsection (c) or (d) necessitate such sentence. Under subsection (a) (2) (B) (vii), a designated felony generally consists of any act "which, if done by an adult, would be a felony, if the child committing the act has three times previously been adjudicated delinquent for acts which, if done by an adult, would have been felonies."

OCGA § 15-11-63 (c) provides that in determining whether restrictive custody is required, the court shall consider:

(1) The needs and best interests of the child; (2) The record and background of the child; (3) The nature and circumstances of the offense, including whether any injury involved was inflicted by the child or another participant; (4) The need for protection of the community; and (5) The age and physical condition of the victim.[2]

In our opinion, due process does not require that the juvenile be informed either in writing or in the delinquency petition that he is

---

[1] *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (1) (212 SE2d 650) (1975).
[2] *In the Interest of C. T.*, 197 Ga. App. 300, 302-303 (2), (3) (398 SE2d 286) (1990).

being charged with a designated felony act which may require that he be sentenced to restrictive custody. OCGA § 15-11-63 contains no notice requirement. In contrast, OCGA § 17-10-2 (a) does require that an adult criminal offender be given pretrial notice of evidence to be admitted in aggravation of punishment. But it does not even mandate written notice.[3] The purpose of the notice requirement of OCGA § 17-10-2 is to give the convicted defendant enough time to prepare a defense for sentencing.[4] In this case, the trial court offered to provide defense counsel with sufficient time to do this by granting a continuance. Therefore, A. T.'s due process rights were not violated.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 15, 2000.

*John D. Gatch, Richard M. Darden,* for appellant.
*Spencer Lawton, Jr., District Attorney, Jeffrey S. Hendrix, Assistant District Attorney,* for appellee.

---

[3] *Mullinax v. State,* 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000).
[4] See *Wynn v. State,* 228 Ga. App. 124, 128 (3) (a) (491 SE2d 149) (1997); *Queen v. State,* 131 Ga. App. 370, 374 (4) (205 SE2d 921) (1974).
[1] This testimony was admitted as res gestae. Babajide was out of the country at the time of trial, which could not be delayed because of Oliver's pro se demand for speedy trial.