A03A1244. IN THE INTEREST OF E. S., a child.
(586 SE2d 691)

ELLINGTON, Judge.

The Gwinnett County Juvenile Court found that E. S. violated OCGA § 16-11-132 (possession of a firearm by a minor), OCGA § 16-11-126 (carrying a concealed weapon), and OCGA § 16-15-4 (the Georgia Street Gang Terrorism and Prevention Act). The court adjudicated E. S. delinquent and, pursuant to OCGA § 15-11-63 (a) (2) (B) (vii), found that E. S. committed a designated felony and required restrictive custody for a period of 24 months. E. S. appeals, contending he was denied due process of law, that the evidence adduced was insufficient to support his conviction, and that his sentence was excessive. Because the petition failed to charge a violation of the Street Gang Act, E. S. was deprived of due process of law; therefore, we reverse.

1. E. S. contends he was denied due process of law because he did not receive a copy of his delinquency petition until the hearing commenced. Moreover, he contends he could not adequately prepare his defense because the state failed to set forth in the petition the predicate acts constituting the "pattern of criminal gang activity" necessary to prove a violation of the Street Gang Act under OCGA § 16-15-4 (a).

(a) *Timeliness.* E. S. was entitled to a copy of the petition at least 24 hours prior to the adjudicatory hearing. OCGA §§ 15-11-39 (b); 15-11-39.1 (a). Although the record supports E. S.'s contention that he did not actually receive a copy of the petition until the hearing, it reveals his attorney was aware of its contents because he had prepared several "housekeeping motions" based upon it. More importantly, however, E. S. voiced no objection to receiving the petition untimely, and made no motion for a continuance on the basis that he was unprepared for trial, but instead went forward. E. S.'s election to proceed with the hearing impliedly waived proper service of the petition. See *Fulton County Detention Center v. Robertson*, 249 Ga. 864 (295 SE2d 101) (1982).

Moreover, although Code section 15-11-39 (a) requires the juvenile court to set an adjudicatory hearing in detention cases within ten days after the petition is filed, as was done here, there is no requirement that the hearing actually be held on that date. See *In the Interest of R. D. F.*, 266 Ga. 294-295 (1) (466 SE2d 572) (1996). The ten-day requirement can be waived for a variety of reasons, including allowing the juvenile to secure legal representation or for other reasons within the court's discretion. Id. Had E. S. voiced an objection demonstrating a need for a continuance, the court would have been within its discretion to grant it because, under principles of due process, a juvenile is entitled to the same opportunity as an adult to prepare a defense. See *In re Gault*, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) (1967); *In the Interest of D. W.*, 232 Ga. App. 777, 779 (1) (b) (503 SE2d 647) (1998).

(b) *Sufficiency.* E. S. claims the petition was void because it did not plainly set forth the facts bringing him into the court's jurisdiction under OCGA § 15-11-38.1. Specifically, E. S. claims the petition (which was mislabeled "Delinquent Misdemeanor Petition") failed to inform him that a violation of the Street Gang Act was a felony and failed to set forth the predicate acts constituting a violation of the Act. The petition provided:

> STREET GANG UNLAWFUL ACTS AND ACTIVITIES, OCGA § 16-15-4. Misdemeanor. Said child violated the laws of the State of Georgia in the County of Gwinnett on or about 10/9/02. Said child did unlawfully participate and or associate with a criminal street gang by engaging in a pattern of criminal gang activity.

To satisfy due process, "a delinquency petition must contain sufficient factual details to inform the juvenile of the nature of the offense and must provide data adequate to enable the accused to prepare his defense." (Footnote omitted.) *In the Interest of A. T.*, 246 Ga.

App. 30, 31 (539 SE2d 540) (2000). The petition is inadequate with respect to the Street Gang Act count because it fails to set forth an essential element of the offense, the predicate acts upon which the "pattern of criminal gang activity" is based. See OCGA §§ 16-15-4 (a); 16-15-3 (2); *Grant v. State*, 227 Ga. App. 88, 91 (488 SE2d 79) (1997) (Racketeer Influenced and Corrupt Organizations predicate acts must be set out in the indictment, and, at a minimum, state the offense constituting the predicate act).* Because this count fails to charge a necessary element of the crime, it is void. *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977). And, although E. S. did not file a pre-hearing motion challenging the sufficiency of the petition, he did make an oral objection during trial, preserving the error for our review. *McKay v. State*, 234 Ga. App. 556, 559-560 (2) (507 SE2d 484) (1998). Consequently, we must reverse the judgment of conviction on this count.

2. E. S.'s remaining enumerations of error challenge the sufficiency of the evidence supporting his adjudication of delinquency for violating the Street Gang Act and his sentence thereon. Because we reverse for the reasons stated in Division 1 (b), supra, these enumerations of error are moot.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2003.

*Larry H. Tatum*, for appellant.

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.

---

* The Street Gang Act was derived from the RICO Act. See generally Princenthal, Peach Sheets – Crimes and Offenses, 15 Ga. St. U. L. Rev. 80, 90. Thus, to the extent that the statutes are substantially similar, RICO case law offers persuasive authority for construing the Street Gang Act.