627 S.E.2d 98 (2006)
277 Ga. App. 461
In the Interest of T.K.L. et al., children.
No. A06A0186.
Court of Appeals of Georgia.
February 2, 2006.
Certiorari Denied May 8, 2006.
*99 Katrina L. Breeding, Jonesboro, for Appellants.
Jewel C. Scott, District Attorney, R. Christopher Montgomery, Jr., Assistant District Attorney, for Appellee.
PHIPPS, Judge.
Four minor females were arrested for assaulting an adult female, Melissa Worley, at a gas station and threatening to take her car. Juvenile delinquency petitions charged two of Worley's assailants, T.K.L. and S.L.A., with two counts of aggravated assault and one count of attempted theft by taking of a motor vehicle. Both T.K.L. and S.L.A. filed admissions of delinquency for having been a party to the delinquent act of aggravated assault with intent to rob Worley. The juvenile court accepted T.K.L.'s and S.L.A.'s admissions of delinquency, found restrictive custody required for both girls at separate hearings, and ordered each of them to be confined in a youth development center for 30 months. The girls have filed a joint appeal. Finding no merit in any of their claims of error, we affirm.
1. T.K.L. and S.L.A. complain that neither they nor their parents received adequate notice of the hearings at which their admissions were accepted.
Although the record does not reflect that either the juveniles or their parents were served with copies of the petitions and hearing summonses, as required by OCGA § 15-11-39, the hearing transcripts show that both juveniles and their parents appeared at the hearings with their respective attorneys without complaining about lack of notice. Therefore, this objection has been waived.[1]
2. T.K.L. denies that she entered an admission of delinquency at her hearing.
A written admission of delinquency to the charge of having been a party to the crime of aggravated assault with intent to rob signed by T.K.L., her mother, and her attorneywas filed on the day of the hearing. When asked to speak at the hearing, T.K.L. *100 confirmed her admission of delinquency as a party to the crime but claimed, contrary to statements given by Worley and two bystanders to the incident, that another girl had committed the actual assault. The court then expressed a willingness to have T.K.L. withdraw her admission and proceed with an adjudication of guilt or innocence. That was not, however, done. Therefore, T.K.L.'s admission stood.
3. Both T.K.L. and S.L.A. contend that the juvenile court erred in accepting their admissions, in that an adequate factual basis for their commission of the aggravated assault charge was not established.
They argue that the facts, as related by the prosecuting attorney, showed that although they threatened to take Worley's vehicle while they were assaulting her, they fled on foot after the attack and failed to take any steps to consummate the taking of the vehicle. Clearly, however, T.K.L. and S.L.A. were parties to the assault on Worley. Aggravated assault with intent to rob is complete where there is an assault coupled with an intent to rob.[2] Taking a substantial step toward a robbery would convert the crime to attempted robbery.[3] An adequate factual basis was established for the juveniles' admissions of delinquency to the charge of aggravated assault.
4. T.K.L. and S.L.A. challenge the validity of their admissions based on the juvenile court's failure to inform them of such things as the nature of the charges, the right to confront witnesses, the right against self-incrimination, and the right to subpoena witnesses.
At S.L.A.'s hearing, the prosecuting attorney recited the factual basis for the charge to which S.L.A. was admitting. By questioning both S.L.A. and T.K.L., the court ascertained that they were not entering their pleas under any threats or promises, that they were freely admitting to the charge, and that they understood that they were waiving their right to trial. Moreover, the juveniles, along with their parents and attorneys, were informed of all of their legal rights in acknowledgment-of-rights forms they all signed prior to the hearings. It thus appears from the record that their admissions were knowingly, intelligently, and voluntarily entered. The court's failure to repeat the recitation of legal rights to the youthful offenders at their hearings does not invalidate their admissions.[4]
5. T.K.L. and S.L.A. charge their attorneys with ineffective assistance of counsel, in not doing more at their hearings to ensure that their admissions were knowingly and voluntarily entered and in failing to thoroughly investigate their cases.
The record, however, adequately shows that T.K.L.'s and S.L.A.'s admissions were validly entered. And neither T.K.L. nor S.L.A. has demonstrated a reasonable probability that additional investigation by counsel would have changed the outcome of their cases.[5]
6. Finally, T.K.L. and S.L.A. contend that the court abused its discretion by placing them in restrictive custody.
OCGA § 15-11-63(a) sets forth various "designated felony act[s]," one of which is aggravated assault.[6]
OCGA § 15-11-63(b) requires that when a juvenile is found to have committed a designated felony act, the order of disposition must include a finding based upon a preponderance of the evidence as to whether the juvenile requires restrictive custody. OCGA § 15-11-63(c) provides that the court shall consider five relevant circumstances: the needs and best interest of the juvenile; his record and background; the nature and circumstances of the offense; the need for protection of the community; *101 and the age and physical condition of the victim.[7]
Here, the juvenile court, taking into consideration the totality of T.K.L.'s and S.L.A.'s records and backgroundsin addition to the severity and premeditated nature of the attack on the victim, as well as its devastating impact on her lifedecided that restrictive custody for both juveniles was required. Although placement in restrictive custody under OCGA § 15-11-63 has some punitive aspects, rehabilitation and treatment of the child remain its central purpose.[8] We find no abuse of discretion in the juvenile court's determination that restrictive custody was required here.[9]
Judgment affirmed.
RUFFIN, C.J., and SMITH, P.J., concur.
NOTES
[1] See OCGA § 15-11-39(e); Fulton County Detention Center v. Robertson, 249 Ga. 864, 865, 295 S.E.2d 101 (1982).
[2] See Bissell v. State, 153 Ga.App. 564(1), 266 S.E.2d 238 (1980).
[3] See id.
[4] Cf. Stephens v. State, 235 Ga.App. 756, 510 S.E.2d 575 (1998).
[5] See generally Schofield v. Gulley, 279 Ga. 413(1), 614 S.E.2d 740 (2005).
[6] See OCGA § 15-11-63(a)(2)(B)(ii).
[7] In the Interest of M.D.L., 271 Ga.App. 738, 742(3), 610 S.E.2d 687 (2005).
[8] In re L.C., 273 Ga. 886, 888-889(1), 548 S.E.2d 335 (2001).
[9] See In the Interest of A.M., 248 Ga.App. 241, 243(3), 545 S.E.2d 688 (2001).