A07A0533. IN THE INTEREST OF L. J. L., a child.
(645 SE2d 371)

JOHNSON, Presiding Judge.

L. J. L. appeals from an order of the juvenile court in which he was adjudicated delinquent and committed to the Department of Juvenile Justice for two years. In a five-count petition, L. J. L. was charged with having committed the following delinquent acts: Count 1 — theft by taking a motor vehicle; Count 2 — participation in criminal street gang activity; Count 4 — criminal damage to property (namely, damage to the stolen motor vehicle); and Count 5 — violation of probation by commission of "the above described act(s)." In Count 3, the state requested that the offenses charged in Counts 1, 2, and 4 be treated as felonies.

After an adjudicatory hearing, the juvenile court found that the state failed to meet its burden of proving Counts 1 through 4 beyond a reasonable doubt. However, in rendering its decision, the court stated that it believed L. J. L. was associating with gang members in violation of his probation (though there was no criminal activity proven beyond a reasonable doubt), and found the child delinquent based on Count 5. L. J. L. appeals, arguing that the court could not find reasonable doubt as to Counts 1 through 4, then find he violated this probation by committing the acts set forth in those counts.

On appeal, the state agrees that the judgment must be reversed. The state admits that it failed to prove the predicate acts required to

prove Count 2,[1] and that Count 5 of its delinquency petition did not contain sufficient factual details to inform the child of the nature of the offense charged in Count 5.[2] The state concedes that because Count 5 was not pled with adequate specificity, the juvenile court's finding of delinquency and the disposition must be reversed.

In order to revoke a juvenile's probation, the court must hold a hearing to determine whether a delinquent act has been committed, and a finding of delinquency through probation violation must be based on proof beyond a reasonable doubt.[3] The juvenile court's finding that the state failed to prove beyond a reasonable doubt that the child committed a delinquent act precludes a finding that the child violated his probation by committing a predicate delinquent act.[4] Therefore, the judgment must be reversed.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 5, 2007.

*Varner & Adams, G. E. Bo Adams*, for appellant.
*Kelly R. Burke, District Attorney, John D. Blair, Timothy M. Marlow, Assistant District Attorneys*, for appellee.

---

[1] See OCGA § 16-15-4.
[2] See *In the Interest of E. S.*, 262 Ga. App. 768, 769-770 (1) (b) (586 SE2d 691) (2003).
[3] *T. S. I. v. State*, 139 Ga. App. 775, 776-777 (1) (229 SE2d 553) (1976).
[4] See generally *In the Interest of E. S.*, supra.
[1] The judge merged the obstruction conviction into the mutiny conviction at sentencing.