A10A0204. LEWIS v. THE STATE.

(691 SE2d 376)

JOHNSON, Presiding Judge.

A jury found Sharon Yvonne Lewis guilty of armed robbery, two counts of aggravated assault, two counts of false imprisonment, and theft of a controlled substance. Lewis appeals from the convictions

---

entered on the verdict, alleging that the evidence was insufficient to sustain the convictions and that the trial court should have granted her motions for a directed verdict of acquittal. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine the credibility of witnesses, but only determine if the evidence is sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

So viewed, the evidence shows that on April 17, 2007, Lewis entered a pharmacy in Bartow County with a BB gun. Paula Lowe, who was the pharmacy technician, heard Lewis say that she was "there to rob [them,]" and as Lewis approached Lowe, she told her "I'm serious; get down on the floor." Lewis brought her hand from behind her, and Lowe saw what appeared to be a firearm and then complied with Lewis' demand.

Lewis then pointed the gun at Emmanuel Akinosho, who was the pharmacist, and demanded OxyContin, which is a brand name for the drug oxycodone.[3] As Akinosho was getting the oxycodone, a customer entered the store. Lewis pointed the gun at the customer, and he complied with her demand that he get on the floor. As soon as Akinosho provided Lewis with two bottles of oxycodone, Lewis left the pharmacy.

1. Lewis claims that insufficient evidence was presented to show that she possessed the requisite criminal intent to commit a crime. However, intent is a question of fact for the jury to determine, and "[a] reviewing court will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous."[4] Moreover, while Lewis claims that at the time of the robbery she was suffering from an addiction to OxyContin and thereby has no memory of the incident, Lowe testified that Lewis did not appear to be suffering from any confusion or lack of clarity when she robbed her, and a police officer testified that Lewis appeared to recall the incident sufficiently to answer his questions about it without difficulty. Conflicts in the testimony of the witnesses are for the jury to resolve, and we will not disturb the jury's finding that Lewis possessed the criminal intent to commit each of the crimes for which she was convicted.[5]

---

[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).

[2] Id.

[3] See OCGA § 16-13-26 (1) (A) (xiv).

[4] *Ward v. State*, 274 Ga. App. 511, 512 (1) (618 SE2d 154) (2005).

[5] Id. at 512-513 (1).

2. Lewis also claims that the trial court erred in denying her motion for a directed verdict of acquittal as to the count of aggravated assault against Lowe and the count of theft of a controlled substance. While Lewis asserts that the evidence did not show that she assaulted Lowe with the intent to rob, as alleged in the indictment, the evidence shows that Lewis entered the pharmacy while only Lowe and Akinosho were present, said that she was robbing them, showed Lowe her gun, and demanded that Lowe drop to the floor. This evidence was sufficient to find that Lewis assaulted Lowe with the intent to rob, and the trial court did not err in denying Lewis' motion for a directed verdict on this count of aggravated assault.[6]

Lewis also claims that she could not be convicted of theft of a controlled substance because no evidence was introduced showing that oxycodone was ever contained in the empty pharmacy bottles that were introduced into evidence. However, Akinosho's testimony that the bottles contained oxycodone when he gave them to Lewis was sufficient to sustain the conviction.[7] As a result, the trial court did not err in denying Lewis' motion for a directed verdict as to the count of theft of a controlled substance.

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 4, 2010.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Shelly D. Faulk, Assistant District Attorney*, for appellee.

---

[6] See *In the Interest of T. K. L.*, 277 Ga. App. 461, 462 (3) (627 SE2d 98) (2006); see also *Joncamlae v. State*, 257 Ga. App. 459, 460 (1) (a) (571 SE2d 461) (2002).

[7] See *Ledford v. State*, 239 Ga. App. 237, 241 (2) (520 SE2d 225) (1999) (contents of bottle may be shown by testimony of pharmacist).