**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 18, 2014**

# In the Court of Appeals of Georgia

A14A0860. IN THE INTEREST OF R. M., A CHILD.

BARNES, Presiding Judge.

The juvenile Court revoked R. M.'s probation and committed him to the Georgia Department of Juvenile Justice for 60 months, at least 18 of which were to be served in confinement at a youth development center. On appeal, R. M. contends that the trial court lacked subject matter jurisdiction to revoke his probation because the State did not file a proper revocation petition, that his due process rights were violated because of the State's failure to file and serve him with a sufficient petition, and that the evidence was insufficient to establish that he violated his probation. Upon our review, we affirm.

The enumerations related to the revocation of probation involve questions of law, which we review de novo, and "[w]e review the factual findings supporting the juvenile court's order for clear error." *In the Interest of R. F.*, 295 Ga. App. 739 (673 SE2d 108) (2009).

The record shows that on February 1, 2012, R. M. was adjudicated delinquent for having committed an offense that would have constituted aggravated child molestation if he had been an adult. On March 7, 2012, the juvenile court placed R. M. on 20 months of probation, the conditions of which included that he not violate any laws or use drugs, among other things.

At some point in 2013, the State filed a petition to adjudicate R. M. delinquent for theft by taking a motor vehicle, failure to report an accident, and driving without a license, and at an August 28, 2013 hearing, he was adjudicated delinquent.[1] At that hearing, the State apparently filed a motion to revoke R. M.'s probation on the earlier child molestation adjudication, alleging numerous probation violations, including the adjudication for the traffic offenses and car theft and served a copy on R. M.'s

---

[1] The delinquency petition for the traffic offenses and adjudication and disposition orders were not included in the record.

attorney. Disposition on the automobile-related offenses was deferred until September 4, 2013, when the juvenile court also considered the probation revocation petition.

At the September 4, 2013, hearing, R. M. argued that the trial court lacked subject matter jurisdiction to hear the State's Petition to Revoke his probation. According to R. M., when the State files a petition to revoke probation, the petition must contain the same contents as a delinquency petition as set forth in former OCGA § 15-11-38.1 and Uniform Juvenile Code Rule 3.8, and the State must follow the same statutory steps that are required to initiate a delinquency proceeding under former OCGA § 15-11-39.[2]

The trial court responded that it considered the State's Petition to Revoke proper under former OCGA § 15-11-40 (c) and concluded that, when taken together with the original delinquency petition, it was sufficient "in terms of facts and notice to the Defendant." The court found that in

> this case a petition for revocation must be filed, but it must be filed under [former] OCGA § 15-11-40 (b).[3] . . . When a probation revocation

---

[2]See Ga. L. 2013, p. 294, § 5-1, which notes that the new Juvenile Code "shall become effective on January 1, 2014, and shall apply to all … juvenile proceedings commenced on or after such date."

[3]Former OCGA § 15-11-40 (b) provided in relevant part that " [a]n order granting probation to a child found to be delinquent or unruly may be revoked on the

3

petition is filed then the juvenile court is authorized to enter disposition pursuant to the designated felony statute if the original delinquent act is shown to be a designated felony . . . . A delinquency petition alleging a probation violation is not sufficient to revoke a juvenile's probation imposed for his previous adjudication of delinquency, which is why the State filed this motion.

At the end of the September 4, 2013, hearing, the juvenile court adjudicated R. M. as delinquent on the automobile-related offenses and subsequently issued a disposition order for him to serve 30 days in a short-term treatment program. The court also revoked R. M.'s probation on the aggravated child molestation adjudication upon finding "beyond a reasonable doubt that [R. M.] had violated his probation sufficient for revocation, relying principally on his newly adjudicated offense of Theft By Taking Motor Vehicle (Felony), Driving Without A License, and Failure to Report an Accident." The juvenile court delayed final disposition on the revocation until a new psychological evaluation could be conducted, and held a final hearing on November 6, 2013.

Finally, after that hearing, the juvenile court on November 15, 2013, issued a dispositional order of commitment for a designated felony, committing R. M. to the

ground that the conditions of probation have not been observed."

custody of the Department of Juvenile Justice for sixty months, to be confined for at least 18 months in detention.

1. In two related enumerations, R. M. contends that the trial court lacked subject matter jurisdiction to revoke R. M.'s probation because the State did not file a petition to revoke probation that satisfied the requirements of a delinquency petition. We do not agree because requirements for a petition to revoke probation are controlled by former OCGA § 15-11-40.

"An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed." Former OCGA § 15-11-40 (b). To that end,

> Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in this Code section. The petition shall set forth in clear and concise language the grounds upon which the relief is requested.

Former OCGA § 15-11-40 (c). See *In the Interest of B. C.*, 169 Ga. App. 200, 201-202 (311 SE2d 857) (1983) ("[B]efore a juvenile court may revoke an order granting probation, a petition must be filed requesting such relief."). And to satisfy due process, a "petition must contain sufficient factual details to inform the juvenile

5

of the nature of the offense and must provide data adequate to enable the accused to prepare his defense." *In the Interest of A. T.*, 246 Ga. App. 30, 31 (539 SE2d 540) (2000) (delinquency petition need not inform juvenile he is being charged with designated felony and could be sentenced to restrictive custody).

Here, the State denominated its filing as "State's Motion to Revoke Probation and Petition to Seek Relief under OCGA § 15-11-40." The State's petition met the requirements of former OCGA § 15-11-40 (c) and (d)[4], and that is all that was required. "For purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998). See *State v. Chapman*, 322 Ga. App. 82, 83 (744 SE2d 77) (2013) ("Pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature.") (citations and punctuation omitted). Here, the specific requirements of the juvenile probation revocation statute prevail over the more general requirements of a petition for an

_____

[4]Former OCGA § 15-11-40 (d) provided that "[a]fter the petition is filed, the court shall fix a time for hearing and shall cause notice to be served, as a summons is served under [former] Code Section 15-11-39.1, on the parties to the proceeding or those affected by the relief sought. After the hearing, which may be informal, the court shall deny or grant relief as the evidence warrants."

adjudication of delinquency or unruliness, and the juvenile court had subject matter jurisdiction over the revocation proceedings.

Under these circumstances, and mindful that "[t]he General Assembly has provided that the [Juvenile Code] shall be liberally construed to effectuate its purpose," *English v. Milby*, 233 Ga. 7, 9 (1) (209 SE2d 603) (1974); former OCGA § 15-11-1, we find that the court did not err in finding that, as a matter of law, the State had filed a sufficient petition to revoke R. M.'s probation pursuant to former OCGA § 15-11-40 (b).

2. R. M. also contends that his due process rights were violated because he was denied notice and an opportunity to be heard on the revocation issue. He contends that he and his guardian never received a copy of the State's motion.

Former OCGA § 15-11-40 (d) provided that after the petition is filed, then pursuant to former OCGA § 15-11-39.1 (a), a summons is served at least 24 hours before the hearing. It appears from the record that R. M.'s guardian was personally served with the summons and the State's Petition to Revoke on August 29, 2013, and notorious service was made upon R. M. by serving the guardian with the summons for R. M. on that same date. The record also demonstrates that R. M. was also personally served at the youth detention center where he was being detained on

7

August 28, 2013. Further, the Petition to Revoke stated that the hearing was set for September 4, 2013, that the purpose was for the revocation of R. M.'s original order of probation, the alleged grounds for revocation, and the factors for consideration as a designated felon. Moreover, at the September 4, 2013, hearing, R. M. and his attorney were present but did not voice any objection to service or request a continuance and thus waived any objection on the grounds of improper service. See *In the Interest of E. S.*, 262 Ga. App. 768, 769 (1) (a) (586 SE2d 691) (2003). See also *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (2) (482 SE2d 418) (1997) ("Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived.") (citation and punctuation omitted). Therefore, we find no due process violation regarding R. M.'s notice of the revocation petition.

3. R. M. also contends that the evidence did not show beyond a reasonable doubt that he violated the provisions of his probation. See *T. S. I. v. State*, 139 Ga. App. 775, 776-777 (1) (229 SE2d 553) (1976) (in juvenile probation revocation, proof of violation must be beyond reasonable doubt). Included in the terms and conditions of R. M.'s probation order were, among other things, that he not have any positive screens for controlled substances without a doctor's prescription, that he be supervised at all times, and that he not "violate any Federal, State, County, Municipal

8

law or ordinance." We note again that the August 28, 3013, hearing at which N. M. was adjudicated delinquent for theft of an automobile and other traffic offenses is not included in the record, and when no transcript is included in the record on appeal, we must presume that the trial court acted correctly. *Davis v. State*, 319 Ga. App. 501 n.1 (736 SE2d 160) (2012).

Additionally, at the September 4, 2013, hearing, the trial court took judicial notice of the prior hearing at which R. M. was adjudicated delinquent for child molestation and indicated that it would take into account the evidence presented at that hearing, along with the evidence presented at the September 4, 2013 hearing, in determining whether to revoke R. M.'s probation. None of the parties objected to this procedure.

Finally, in addition to the commission of the additional delinquency offenses, there was evidence that R. M. had violated additional terms and conditions of his probation, including having a positive drug test and failing to be under adult supervision at all times. Accordingly, the juvenile court did not err in concluding that the evidence showed beyond a reasonable doubt that. while on probation, R. M. committed acts that violated the terms and conditions of his probation. See *T. S. I. v. State*, 139 Ga. App. at 777 (3).

*Judgment affirmed. Boggs and Branch, JJ., concur.*