**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 18, 2021**

# In the Court of Appeals of Georgia

A21A0616. IN THE INTEREST OF C. L. W., A CHILD.

MILLER, Presiding Judge.

Larry Waller, the uncle of minor child C. L. W., appeals from the trial court's order granting the guardian ad litem's ("GAL") motion to modify disposition and awarding temporary custody of C. L. W. to his foster parents, Thomas and Bridgett Ballard. Waller contends that the trial court erred in granting the GAL's motion to modify disposition because the GAL lacks standing to file such a motion. We conclude that the trial court correctly ruled that the GAL has standing because (1) the GAL has an interest in the child under OCGA § 15-11-32 (e); and (2) the GAL is also C. L. W.'s attorney, authorizing her to file the motion on C. L. W.'s behalf. Accordingly, we affirm the trial court's order.

Because this case presents a question of law, our review is de novo. See *In the Interest of R. D.*, 346 Ga. App. 257, 262 (2) (816 SE2d 132) (2018).

The record shows that, pursuant to a 2012 adjudication order, Waller and his then-wife had custody of C. L. W. and his older brother, who is not a subject of this appeal. In August 2018, C. L. W.'s brother was taken for medical care, and he had significant marks on his back which he said was the result of physical discipline by Waller's wife. In addition, C. L. W. reported that he, too, had been physically disciplined. The children were removed from Waller's home and placed in the custody of the Bartow County Department of Family and Children Services ("DFCS"). The juvenile court found C.L.W. dependent because of Waller's failure to protect C. L. W. from physical abuse. C. L. W. was placed in foster care with the Ballard family. Anna Johnson, an attorney, was appointed both as C. L. W.'s attorney and GAL.[1]

The initial permanency plan called for reunification of C. L. W. with Waller following Waller's successful completion of case plan objectives. These objectives

---

[1] This is consistent with the Juvenile Code, which expressly allows an attorney to serve as both the attorney for an alleged dependent child and as that child's GAL, unless there is a conflict of interest between the attorney's role as the child's attorney and the attorney's opinion of the child's best interests. See OCGA § 15-11-104 (b).

2

included completing a psychological evaluation, maintaining stable income and housing, completing parenting classes, and ensuring that Waller's wife had no contact with C. L. W.

In April 2020, the GAL filed a motion to modify the disposition of the dependency action to grant the Ballards custody of C. L. W. The GAL asserted that Waller had made minimal progress on his case plan, especially as to parenting skills. The GAL noted that, while Waller had custody of C. L. W.'s older brother, the brother had tested positive for methamphetamines and numerous other drugs and that Waller had not taken him for court-ordered evaluations. The GAL contended that, as demonstrated by his parenting of the older child, Waller would not be able to meet C. L. W.'s significant educational and therapeutic needs. According to the GAL, C. L. W.'s educational, intellectual, and permanency needs would be best served by him being placed in the care of the Ballards. In response, Waller filed a motion to quash the GAL's motion to modify disposition on the grounds that the GAL lacked standing to file the motion.

In July 2020, the juvenile court entered an order amending disposition. In its order, the juvenile court concluded that the GAL had standing to file the motion to modify and that the filing of the motion was consistent with the role of an attorney

guardian ad litem. The court also found that, although Waller generally cooperated with the case plan as to C. L. W., he had failed to demonstrate that he would be able to assist C. L. W. in overcoming his significant educational deficiencies. Thus, the juvenile court ordered that C. L. W. be placed in the temporary custody of the Ballards and established a new permanency plan of adoption or permanent guardianship for the Ballards. This appeal followed.

In his sole enumeration of error, Waller argues that the trial court erred in granting the GAL's motion to modify disposition because the GAL lacked the standing to file the motion. We conclude that the GAL was authorized to file the motion as both a person having an interest in C. L. W. and as his attorney.

To begin our analysis , we are mindful that the General Assembly has provided that the Juvenile Code "shall be liberally construed to reflect that the paramount child welfare policy of this state is to determine and ensure the best interests of its children." OCGA § 15-11-1; see *In the Interest of R. M.,* 329 Ga. App. 725, 728-729 (1) (766 SE2d 126) (2014).

OCGA § 15-11-32 (e), which governs a juvenile court's modification of orders, lists three categories of persons who may petition the court to modify an order: (1) any party to the proceeding; (2) any probation officer; or (3) any other person

having supervision or legal custody of or an interest in the child. We conclude that a GAL has "an interest in the child" as contemplated by OCGA § 15-11-32 (e). In reaching this conclusion, we note that a guardian ad litem is charged with advocating for the child's best interests. See OCGA § 15-11-105 (a) ("A guardian ad litem shall advocate for a child's best interests in the proceeding for which the guardian ad litem has been appointed."). In fact, the Supreme Court of Georgia has explicitly recognized that "[t]he protector of a child's best interests is his guardian ad litem." *In the Interest of W. L. H.*, 292 Ga. 521, 524 (739 SE2d 322) (2013). As the statutorily-mandated guardian of a child's well-being, a GAL clearly has an interest in the child that they are appointed to protect. And although "[a] lay guardian shall not engage in activities which could reasonably be construed as the practice of law," OCGA § 5-11-104 (e), an attorney who represents a minor in deprivation proceedings is not so limited. See *In the Interest of R. D.*, 346 Ga. App. 257, 262 (2) (816 SE2d 132) (2018) (explaining that OCGA § 5-11-104 (e) "creates a distinction between lay guardians and non-lay guardians, and it does not on its face limit the conduct of the latter"). Consequently, Johnson, an attorney GAL, had standing to file a motion to modify disposition in this case.

Additionally, Johnson was authorized to file the motion to modify disposition

as C. L. W.'s attorney. The record clearly shows that the trial court appointed Johnson as C. L. W.'s attorney. See OCGA § 15-11-103 (a)-(c) (stating that a child has a right to an attorney in a dependency proceeding, that the trial court is required to appoint an attorney for an alleged dependent child, and that the appointed attorney owes the child the same duties as in an attorney-client relationship). Also, it is undisputed that C. L. W. is a party to the dependency action,[2] so he clearly had standing to file the motion to modify disposition. See OCGA § 15-11-32 (e) ("Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in a child may petition the court for the relief provided in this Code section."). Because C . L. W. is a party to the dependency action and the trial court appointed Johnson as C. L. W.'s attorney in the action, the trial court correctly determined that Johnson was authorized to file the motion to modify disposition in this case.

Accordingly, for the reasons stated above, we conclude that the trial court correctly determined that Johnson had standing to file the motion to modify disposition, and we affirm the trial court's order granting the motion.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*

---

[2] During oral argument, both parties agreed that C. L. W. is a party to this case.