## 66561. IN RE B. C.

CARLEY, Judge.

Appellant, a juvenile, was found to be a delinquent child, and placed on probation "until further order." Approximately three months later, another petition was filed in juvenile court. This petition alleged that appellant was a delinquent child by reason of the commission of the offenses of theft by shoplifting and criminal trespass. A hearing on this petition was held and the court found that the allegations of delinquency were shown beyond a reasonable doubt. In addition to this finding of delinquency, the court also found that appellant was in violation of the terms and conditions of the earlier order of probation. After making its findings, the juvenile court gave notice of its intent to conduct a dispositional hearing under OCGA § 15-11-37 (Code Ann. § 24A-2302a), which provides for restrictive custody of juveniles who have committed certain "designated felony acts." Following the dispositional hearing, the juvenile court, acting ostensibly under the authority of OCGA § 15-11-37 (Code Ann. § 24A-2302a), placed appellant in the custody of the Division of Youth Services for five years, and ordered confinement in a Youth Development Center for a period of not less than 18 months. Appellant appeals from the judgment and disposition entered by the juvenile court.

Appellant asserts that the juvenile court erred in placing him in

custody under the provisions of OCGA § 15-11-37 (Code Ann. § 24A-2302a). Appellant contends that the juvenile court could not make a valid finding that appellant required restrictive custody under OCGA § 15-11-37 (Code Ann. § 24A-2302a) without first finding that he had committed a "designated felony act," as defined in OCGA § 15-11-37 (a)(2) (Code Ann. § 24A-2302a). At the hearing in question, appellant was found to have committed the offenses of shoplifting and criminal trespass, which are not "designated felony acts." The state, on the other hand, relies upon the fact that appellant had earlier been placed on probation for committing aggravated assault, which is "a designated felony act." Thus, according to the state, when the juvenile court found that appellant had violated the terms of his probation, at that time, a reversion back to the provisions of OCGA § 15-11-37 (Code Ann. § 24A-2302a) for dispositional purposes was authorized.

As discussed above, the sole argument advanced by the state in support of the *entry* of a dispositional order pursuant to OCGA § 15-11-37 (Code Ann. § 24A-2302a) in the instant case is predicated upon the juvenile court's revocation of appellant's probation. It is clear that "[a]n order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed." OCGA § 15-11-42 (3)(b) (Code Ann. § 24A-2801). However, no petition to revoke appellant's probation was ever filed in the juvenile court. Indeed, it appears that only a petition of delinquency was filed, alleging appellant had committed the offenses of shoplifting and criminal trespass, which are not "designated felony acts." Thus, the juvenile court sua sponte revoked appellant's probation and ordered disposition as for a "designated felony act" after conducting a hearing on a petition which alleged only delinquency by reason of the commission of an act not within the ambit of OCGA § 15-11-37 (Code Ann. § 24A-2302a).

While juvenile probation revocation proceedings are not analogous to adult probation revocation proceedings, due process must be afforded. *T. S. I. v. State of Ga.,* 139 Ga. App. 775 (229 SE2d 553) (1976); *D. P. v. State of Ga.,* 129 Ga. App. 680, 682 (200 SE2d 499) (1973). "Due process of law requires notice . . . which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the *specific issues* that they must meet." (Emphasis in original.) *D. P. v. State of Ga.,* supra at 682.

Accordingly, we find that before a juvenile court may revoke an order granting probation, a petition must be filed requesting such

relief. Cf. *T. S. I. v. State,* supra. "Any party to the proceeding, the probation officer, or any other person having supervision or legal custody of or an interest in the child may petition the court for the relief provided in this Code section. The petition *shall* set forth in clear and concise language the grounds upon which the relief is requested. After the petition is filed, the court shall fix a time for hearing and shall cause notice to be served, as a summons is served under Code Section 15-11-27 (Code Ann. § 24A-1702), on the parties to the proceeding or those affected by the relief sought . . ." (Emphasis supplied.) OCGA § 15-11-42 (c) and (d) (Code Ann. § 24A-2801).

The juvenile court erred in revoking appellant's probation sua sponte. See generally *Lester v. Foster,* 207 Ga. 596, 597 (63 SE2d 402) (1951). As is true with respect to an adult probationer, we believe that a juvenile on probation must be given "the right to notice and a hearing on the question of revoking probation. [Cits.] The failure to afford the probationer such notice and a hearing would render a revocation order void for lack of due process of law. [Cit.]" *Scott v. State,* 131 Ga. App. 504 (206 SE2d 137) (1974). Following a finding that appellant committed the offense of shoplifting and criminal trespass and that appellant was a delinquent child, the juvenile court in the instant case was authorized to enter an order of disposition only under OCGA § 15-11-35 (Code Ann. § 24A-2302). The dispositional order in the instant case must be reversed and a new dispositional order issued in a manner not inconsistent with this opinion.

*Judgment reversed and case remanded. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 5, 1983.

*Michael H. Lane,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, George J. Robinson, Jr., Assistant District Attorneys,* for appellee.