75778. IN THE INTEREST OF B. N. D.
(366 SE2d 187)

POPE, Judge.

Appellant, a juvenile, was adjudicated delinquent on the charges of aggravated assault, obscene or abusive language, theft by receiving stolen property and driving without a license. Appellant was placed on probation "until further order, conditions being that he: (1) obey the law; (2) obey his grandmother; (3) cooperate with his probation officer; and (4) attend school regularly and abide by all school rules and regulations." Pursuant to a petition filed March 13, 1987, appellant was deemed to have violated his probation based on his failure to observe conditions two, three and four. Subsequent petitions sought findings of delinquency and revocation of probation by reason of the commission of various offenses, including shoplifting, reckless driving, attempting to elude police, theft by receiving stolen property and criminal damage to property in the second degree. By orders dated May 22, 1987 and July 14, 1987, the court found appellant delinquent in that he committed the offenses of shoplifting, reckless driving, theft by receiving stolen property and criminal damage to property in the second degree, again revoked appellant's probation, and ordered

him committed to the custody of the Director of the Child Treatment Center "pending consideration for designated felony sentencing" (see OCGA § 15-11-37) based on the original aggravated assault charge. Following the designated felony hearing, the court placed appellant in the custody of the Division of Youth Services for five years, and ordered that appellant be confined to a Youth Development Center for not less than 12 nor more than 18 months. Appellant appeals from this latest judgment and disposition.

Appellant argues that the imposition of confinement under the designated felony provisions for the offense of aggravated assault constitutes a multiple conviction for the same offense in violation of the Double Jeopardy Clause because appellant had already been sentenced to probation for that offense. Similarly, appellant also argues that such a use of OCGA § 15-11-37 was not intended by the legislature.

"(T)he Double Jeopardy Clause provides three related protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *United States v. Wilson*, 420 U. S. 332 (95 SC 1013, 43 LE2d 232) [(1975)]." (Punctuation omitted.) *Smith v. State*, 171 Ga. App. 279, 280 (319 SE2d 113) (1984). However, "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. [There have been] established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U. S. 117, 137 (101 SC 426, 66 LE2d 328) (1980). " 'Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.' " *Smith v. State*, supra at 280, citing *Morrissey v. Brewer*, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484) (1972). "If the probation is revoked, the imprisonment is not imposition of confinement but revocation of his conditional liberty permitted by his probation." *Smith v. State*, supra at 281. Similarly, it has also been held that it is permissible to subject probation violators to the sentence which might have originally been imposed upon them in lieu of probation, or to impose a greater sentence than that originally given. *Williams v. Wainwright*, 493 FSupp. 153 (S.D. Fla. 1980), aff'd, 650 F2d 58 (5th Cir. 1981).

We also decline to find that the imposition of probation consti-

tuted an implied acquittal of a greater sentence under the particular facts of the present case. In this regard we also note that the original order specifically provided that appellant was placed on probation "until further order." OCGA § 15-11-42 (b), which allows the juvenile court to modify or vacate orders provides that "(a)n order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed." Lastly, the record in the case at bar also shows that the proper procedures, including notice and an opportunity to be heard, were followed in both petitioning the court for revocation of appellant's probation and conducting the designated felony hearing. Cf. *In re B. C.*, 169 Ga. App. 200 (311 SE2d 857) (1983). Accordingly, we find neither a constitutional, statutory nor procedural impediment to the imposition of restrictive custody pursuant to OCGA § 15-11-37 following the revocation of appellant's probation in the present case.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 22, 1988 —

*Mitchell Rodriquez*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, George J. Robinson, Jr., Richard E. Hicks, Assistant District Attorneys*, for appellee.