A91A0498. IN THE INTEREST OF B. S. L., a child.
(407 SE2d 123)

CARLEY, Judge.

The relevant facts in the instant appeal are as follows: Having been adjudicated as delinquent by reason of his commission of a burglary, B. S. L. was placed on probation. After B. S. L.'s seventeenth birthday, he allegedly committed another burglary. However, no petition to revoke B. S. L.'s probation pursuant to OCGA § 15-11-42 (b) was filed. Instead, a delinquency petition was filed alleging that B. S. L.'s commission of the subsequent burglary was a delinquent act in

that it was a violation of his probation. See OCGA § 15-11-2 (6) (B). The juvenile court found B. S. L. to be delinquent by reason of the commission of a designated felony act and, after determining that restrictive custody was required pursuant to OCGA § 15-11-37 (c), entered a dispositional order in conformity with OCGA § 15-11-37 (e). It is from that order that the State appeals.

The State's contention is that the juvenile court erred in failing to enter its dispositional order in compliance with OCGA § 15-11-37 (f). OCGA § 15-11-37 (f) provides: "When the order is for restrictive custody in the case of a youth found to have committed any designated felony act and such youth has been found by a court to have committed a designated felony act on a prior occasion, regardless of the age of the youth at the time of commission of such prior act, the order of the court shall" impose a mandatory initial 18-month period of confinement in a youth development center.

"The juvenile court shall *not* have jurisdiction to initiate any new action against an individual for acts committed after he has reached the age of 17 years." (Emphasis supplied.) OCGA § 15-11-5 (d). Thus, although the violation of probation may constitute a "delinquent act" in and of itself, a violation of probation which occurs after the juvenile's seventeenth birthday will not authorize the initiation of a *new delinquency petition* against the juvenile. The juvenile court's jurisdiction would extend *only* to revoking the juvenile's probation for his previous adjudication of delinquency. The juvenile court "shall have exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: Concerning any child . . . [w]ho has been placed under the supervision of the court or on probation to the court; provided, however, that such jurisdiction shall be for the sole purpose of completing, effectuating, and enforcing such supervision or a probation begun prior to the individual's seventeenth birthday. . . ." OCGA § 15-11-5 (a) (1) (F).

It follows that, if a probation revocation petition had been filed in the instant case, *then* the juvenile court would have been authorized to enter a dispositional order pursuant to OCGA § 15-11-37 if the *original* burglary was shown to be a "designated felony act." "[I]t is permissible to subject probation violators to the sentence which might have originally been imposed upon them in lieu of probation, or to impose a greater sentence than that originally given. [Cit.]" *In the Interest of B. N. D.*, 185 Ga. App. 906, 907 (366 SE2d 187) (1988). "However, no petition to revoke [B. S. L.'s] probation was ever filed in the juvenile court. Indeed, it appears that only a petition of delinquency was filed, alleging [B. S. L.] had committed the [delinquent act of violating his probation by perpetration of another burglary]." *In re B. C.*, 169 Ga. App. 200, 201 (311 SE2d 857) (1983).

"Jurisdiction over the subject matter of a case cannot be con-

ferred by agreement or consent. [Cits.] A judgment rendered by a court without jurisdiction of the subject matter is a nullity and is subject to reversal by the appellate courts on their own motion. [Cit.]" *Barland Co. v. Bartow County Bd. of Tax Assessors*, 172 Ga. App. 61, 62 (322 SE2d 316) (1984). Thus, the juvenile court in the instant case clearly did not err in failing to impose a mandatory 18-month period of confinement against B. S. L. This is true because the juvenile court had *no* subject matter jurisdiction to adjudicate B. S. L. to be delinquent by reason of his alleged commission of a burglary after his seventeenth birthday or to enter *any* dispositional order based on such a finding. Accordingly, those void orders are hereby reversed.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1991.

*Thomas J. Charron, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellant.

*Derek H. Jones*, for appellee.

Brian S. Lipscomb, *pro se.*