A10A2154. IN THE INTEREST OF D. C., a child.
(705 SE2d 313)

MIKELL, Judge.

Following a hearing on March 17, 2010, D. C., a juvenile, was adjudicated delinquent after admitting to the designated felony offenses of theft by taking — motor vehicle[1] (two acts) and violation of probation. D. C. was sentenced to restrictive custody for 24 months, pursuant to OCGA § 15-11-63 (b).[2] Acting pro se, D. C.'s

---

[1] OCGA § 15-11-63 (a) (2) (E) defines a "designated felony act" to include "an act which . . . [c]onstitutes a second or subsequent violation of Code Sections 16-8-2 through 16-8-9, relating to theft, if the property which was the subject of the theft was a motor vehicle."

[2] See OCGA § 15-11-63 (b).

father filed a notice of appeal[3] from the juvenile court's order, asserting ineffective assistance of counsel. We remand for a hearing on this issue.

Construed in favor of the juvenile court's adjudication of delinquency,[4] the evidence shows that on November 9, 2009, D. C. was charged with three acts constituting a designated felony, theft by taking — motor vehicle, in connection with the theft of three golf carts in Peachtree City on October 26, November 4, and November 6, 2009. At the detention hearing held on November 19, 2009, D. C. admitted to one of the three offenses. The juvenile court entered an order placing D. C. on probation for two years. As a special condition of probation, D. C. was required to attend and complete an Outdoor Therapeutic Program (OTP) in Warm Springs. D. C. acknowledged at the hearing that he understood that the other two charges against him were not being dismissed, and that if he failed to complete the OTP, he could face one to five years on the other charges.

D. C. did not complete the OTP; he was unsuccessfully discharged from it on March 8, 2010. A new petition of delinquency was filed based on the violation of probation. The two outstanding theft by taking charges, as well as the violation of probation charge, were presented to the juvenile court for adjudication at a hearing on March 17, 2010. At that hearing, D. C., who was represented by counsel, admitted to both charges of theft by taking — motor vehicle, as well as to the violation of probation. The juvenile court adjudicated him delinquent based on both theft by taking charges and the probation violation. The juvenile court then found that restrictive custody was necessary and committed D. C. to such custody for a period of 24 months. D. C. appeals, asserting that trial counsel rendered ineffective assistance.

The state argues that this matter should be remanded for an evidentiary hearing on the issue of effectiveness of trial counsel. We agree. Because trial counsel did not file a motion for new trial, this issue was not raised in the trial court. "Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue."[5] We are aware that "remand is not necessary when it appears as a matter of law that the appellant cannot satisfy the

---

[3] See *In the Interest of J. L. B.*, 280 Ga. App. 556, 558 (2) (634 SE2d 514) (2006) (as parties to a delinquency action, parents, acting pro se, had right to appeal juvenile court's adjudication of delinquency of their son).

[4] *In the Interest of J. L. H.*, 289 Ga. App. 30 (656 SE2d 160) (2007). Accord *In the Interest of D. S.*, 302 Ga. App. 873 (691 SE2d 897) (2010).

[5] (Citation and punctuation omitted.) *Pinkston v. State*, 277 Ga. App. 432, 433 (2) (626 SE2d 626) (2006). Accord *Bynum v. State*, 300 Ga. App. 163, 168 (7) (684 SE2d 330) (2009).

two-prong test to establish ineffectiveness of counsel."[6] In this case, however, D. C.'s arguments, especially that counsel rendered ineffective assistance in connection with D. C.'s admissions of guilt, cannot be adequately addressed as a matter of law on the existing record.

Accordingly, we remand this case to the juvenile court for an evidentiary hearing and determination on the ineffective assistance claims raised by D. C.

*Case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 6, 2011.

Errol Demesme, *pro se.*

Scott L. Ballard, *District Attorney*, Christy R. Jindra, Robert W. Smith, Jr., *Assistant District Attorneys*, for appellee.

---

[6] (Citation and punctuation omitted.) *In the Interest of J. B.*, 223 Ga. App. 429, 432 (2) (477 SE2d 874) (1996) (whole court). Accord *In the Interest of D. S.*, supra at 875 (2) ("when the record is sufficient, an appellate court may decide ineffectiveness issues without remanding the case when the remand would waste judicial and legal resources and serve no useful purpose") (citation and punctuation omitted).