724 S.E.2d 892 (2012)
314 Ga. App. 606
In the Interest of T.F., a child.
No. A11A1508.
Court of Appeals of Georgia.
March 6, 2012.
Melissa Elizabeth Lawrence, Craig T. Pearson, Earle J. Duncan III, for appellant.
Tom Durden, Dist. Atty., Johnathan C. Gaskin, Asst. Dist. Atty., for appellee.
ADAMS, Judge.
T.F. appeals from an order entered on February 24, 2011 by the Juvenile Court of Tattnall County in which he was treated under the Designated Felony Act, OCGA § 15-11-63, and committed to the Department of Juvenile Justice for a period of five years, thirty months of which were to be served in confinement at a Youth Development Campus. We now reverse.
The record and hearing transcript show that on August 6, 2009, T.F. was charged with committing acts which, had he been tried as an adult, would have constituted the crimes of participation in criminal street gang activities and aggravated assault. At that time, T.F., who was born on November 8, 1993, was 15 years old. T.F. was adjudicated *893 delinquent based on his commission of these acts and placed on High Intensity Team Supervision probation in October 2009.
In January 2011, a complaint, subsequently amended, was filed pursuant to OCGA § 15-11-2(2)(B) alleging T.F. had exhausted all allowable sanctions while on probation, the most recent violation being that he had missed curfew by three hours. A petition to show cause was also filed on January 7, 2011, which required, inter alia, T.F. to appear and show "why his probation should not be revoked, and he complete a 30-day short term program." At a hearing held on January 27, 2011, for which we have no transcript, T.F. entered an admission to the probation violation, and a dispositional hearing was held on February 10, 2011.
At the February 10 hearing, the State requested that T.F.'s probation be revoked and that he be sentenced as a designated felon. T.F.'s probation officer was at a training session, and the State introduced the testimony of a probation officer supervisor, who testified that his involvement with T.F. in the past was "just with collaboration with him and talking with him at school and in the office when he's checked in here and there." Further, this witness testified that the original recommendation in this case was for T.F. to be committed to a 30-day short term program, as had happened previously when he violated his probation, and on cross-examination he agreed that the complaints filed in this case did not "recommend anything as far as a DF offense as far as revoking his [probation]." However, on re-direct, the State sought to have the witness first read then testify to certain facts contained in a "disposition summary," including, among other things, that T.F. was notified by the juvenile court judge at the January 27 proceedings that he would become a designated felon as of that date. However, defense counsel posed a hearsay objection to the witness testifying from the summary, which the juvenile court sustained, and no additional testimony from the summary was allowed and no additional testimony about what transpired at the January 27 hearing was introduced. Further, at the hearing defense counsel argued that T.F. could not be sentenced as a designated felon because the complaint filed against T.F. was a complaint for violation of probation, not for revocation of probation, and because proper procedures had not been followed concerning his status as a designated felon. The juvenile judge rejected these arguments and ordered that T.F. be committed to the Department of Juvenile Justice for five years and placed on restrictive custody for thirty months of that time. In the written commitment and restrictive custody order the judge specifically noted that he had given T.F. notice at the January 27 hearing that he would be adjudicated as a designated felon and that T.F. was now being "treated" pursuant to the provisions of the Designated Felony Act, OCGA § 15-11-63.
T.F. appeals from that order, contending, inter alia, that his counsel was ineffective, that the juvenile court lacked jurisdiction, and that he was not afforded due process of law. For the reasons that follow, we agree that the order of commitment and restrictive custody must be reversed.
1. In his first two enumerations of error, T.F. argues that the juvenile court lacked jurisdiction over him because he was over the age of 17 at the time the probation violation occurred. Further, he argues that his "trial" counsel was ineffective for failing to raise this issue below.
As is pertinent here, the record and transcript show that T.F. committed the probation violation at issue in this case shortly after he turned 17.[1] Thus, T.F. argues that when the probation violation occurred he was no longer a "child" as that term is defined in OCGA § 15-11-2(2)(A) and that pursuant to OCGA § 15-11-28(d), the juvenile court did not have jurisdiction over any new action that was initiated against him after he reached the age of 17 years.
The State argues that jurisdiction was proper in this case because OCGA § 15-11-2(2)(B) specifically provides that a "child" includes a person under the age of 21 years *894 "who committed an act of delinquency before reaching the age of 17 years, and who has been placed under the supervision of the court or on probation to the court; . . ." But, as T.F. points out, this jurisdiction is limited by OCGA § 15-11-28(a)(1)(F), which provides that "such jurisdiction shall be for the sole purpose of completing, effectuating, and enforcing such supervision on a probation begun prior to the child's seventeenth birthday;. . ." Construing these provisions,[2] this Court has previously held that when a violation of probation occurs after the juvenile's seventeenth birthday "[t]he juvenile court's jurisdiction . . . extend[s] only to revoking the juvenile's probation for his previous adjudication of delinquency," In the Interest of B.S.L., 200 Ga.App. 170, 171, 407 S.E.2d 123 (1991), and a delinquency petition alleging a probation violation is not sufficient to invoke that jurisdiction. Further, this Court has recognized that "before a juvenile court may revoke an order granting probation, a petition must be filed requesting such relief." In re B.C., 169 Ga.App. 200, 201-202, 311 S.E.2d 857 (1983).
In this case the complaint and amended complaint were, on their face, for a "violation of probation," not a revocation of probation. Moreover, neither the complaint nor the amended complaint contained any mention that T.F.'s probation might be revoked, and neither the complaint nor amended complaint referenced OCGA § 15-11-40(b), which provides that a juvenile's probation may be revoked on the grounds that the conditions for probation have not been met. Further, even though the show cause order required T.F. to appear and show why his probation should not be revoked, that order merely stated that he might then be sentenced to a 30-day short term program, as had been the case for past probation violations, and in no way indicated that T.F.'s probation might be revoked entirely and that he might then be sentenced under the designated felony provisions; indeed the probation supervisor testified that was not the recommendation for T.F. at the time the petitions were filed. Thus, considering all these circumstances here, we cannot conclude that the State filed a petition for probation revocation in this case. Accordingly, under the authority of In the Interest of B.S.L., the juvenile court lacked jurisdiction over this matter.
Moreover, as we further explained in B.S.L., "`[j]urisdiction over the subject matter of a case cannot be conferred by agreement or consent. (Cits.) A judgment rendered by a court without jurisdiction of the subject matter is a nullity and is subject to reversal by the appellate courts on their own motion. (Cit.)' [Cit.]" In the Interest of B.S.L., 200 Ga.App. at 171-172, 407 S.E.2d 123. It follows that the failure to raise this argument below did not result in waiver of this issue and the commitment and restrictive custody order must be declared void and reversed.[3] Id. at 172, 407 S.E.2d 123.
2. In light of our holding in Division 1, it is unnecessary for us to address T.F.'s remaining arguments.
Judgment reversed.
BARNES, P.J., and BLACKWELL, J., concur.
NOTES
[1] As stated above, T.F. was born on November 8, 1993, and the alleged probation violation that he missed curfew by three hours occurred in December 2010.
[2] We note that the provisions cited which are now contained in OCGA § 15-11-28 were formerly codified at OCGA § 15-11-5.
[3] For this reason it is unnecessary for us to consider whether trial counsel was ineffective for failing to raise this issue below. We note however that trial counsel did argue at the dispositional hearing that T.F.'s probation could not be revoked because no probation revocation petition had been filed "and according to case law, probation revocation is not the same thing as a violation of probation."