**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 5, 2012**

# In the Court of Appeals of Georgia

A12A0758. IN THE INTEREST OF N. M., a child.

MCFADDEN, Judge.

N. M., a juvenile, appeals from the order of disposition imposed after his probation was revoked for the second time. He argues that the trial court erred by relying on a provision of the designated felony statute -- a provision that was repealed after his original act of delinquency -- as authority to impose a period of restrictive custody following the revocation of probation. We conclude that the juvenile court could impose an order of disposition that was appropriate under the law at the time of the original act of delinquency for which the juvenile court imposed probation. We therefore affirm.

On May 4, 2010, the state filed a petition of delinquency alleging that on April 21, 2010, N. M. brought a knife to his middle school. The petition alleged that, had

N. M. been an adult, his conduct would have constituted the crime of possession of a weapon on school property. See OCGA § 16-11-127.1. Under the version of OCGA § 15-11-63 in effect at the time, possession of a weapon on school property was a "designated felony." See OCGA § 15-11-63 (a) (2) (B) (iv) (2010). If a child commits an act of delinquency that is a designated felony, the juvenile court may place the child in restrictive custody. OCGA § 15-11-63 (b), (e). Effective May 25, 2010, however, the legislature removed a single act of carrying a weapon on school property from the list of designated felonies. 2010 Ga. Laws 463 § 1.

N. M. admitted carrying a knife to school. On May 25, 2010, the juvenile court adjudicated N. M. delinquent and entered an order of disposition. Although the juvenile court was authorized to place N. M. in restrictive custody under the designated felony statute, the court determined that it was not necessary to commit N. M. and instead placed him on probation "until further Order of this Court or by operation of law." See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("It has long been the law in this [s]tate that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citations and punctuation omitted).

2

In June 2011, the juvenile court revoked the order of disposition, finding, among other things, that N. M. had violated the terms of probation. The juvenile court entered a new order of disposition, committing N. M. to a youth detention center for 30 days.

In August 2011, the state filed a petition to again revoke N. M.'s probation for his failure to complete a graduated sanctions program. After conducting a hearing, the juvenile court revoked N. M.'s probation and entered an order of disposition confining him to restrictive custody for 18 months pursuant to the designated felony statute and committing him to the custody of the Department of Juvenile Justice for five years or until he reaches the age of 21. N. M. filed this appeal, arguing that the juvenile court could not enter a disposition under the designated felony statute because the behavior that resulted in his adjudication of delinquency, the single act of possessing a weapon on school property, was not a designated felony under the version of OCGA § 15-16-63 that existed at the time of his revocation.

1.     We first address our jurisdiction over N. M.'s direct appeal. See *In the Interest of J. L. K.*, 302 Ga. App. 844 (1) (691 SE2d 892) (2010). Under OCGA § 5-6-35 (a) (5) and (d), "[a]ppeals from orders revoking probation" are discretionary and require that an application be filed with the clerk of the appropriate court within

3

30 days of the date of the entry of the revocation order. *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999). But in many respects, "juvenile probation revocation proceedings are not analogous to adult probation revocation proceedings." *In re B. C.,* 169 Ga. App. 200, 201 (311 SE2d 857) (1983). For example, in adult criminal cases a violation of probation usually results in the activation of a previously imposed sentence because, on probation, the defendant is "merely serving his sentence outside the confines of prison." *State v. Wiley*, 233 Ga. 316, 318 (210 SE2d 790) (1974). In juvenile cases a probation violation results in a new disposition, usually imposing probation or even confinement, since there is generally no suspended term of confinement in juvenile cases imposing probation. Moreover,

> [t]he Juvenile Court Code establishes a unique court system for the protection and rehabilitation of children under 17 years of age. The General Assembly has provided that the Title shall be liberally construed to effectuate its purpose. The provisions of the Juvenile Court Code dealing with the commencement of proceedings, the petition, the modification or vacation of orders, and other matters, indicate a legislative intent to make it a court with its own distinctive rules of procedure.

(Citations omitted.) *English v. Milby*, 233 Ga. 7, 9 (1) (209 SE2d 603) (1974) (holding the Civil Practice Act does not apply to cases in juvenile court).

4

Keeping these principles in mind, we hold that OCGA § 5-6-35 (a) (5) and (d) do not apply to appeals from orders revoking juveniles' probation. Disobeying the terms of probation is a delinquent act. *In the Interest of B. Q. L. E.*, 297 Ga. App. 273, 274 (1) (a) (676 SE2d 742) (2009). Once the juvenile court has found a child to be delinquent because of the commission of a delinquent act, it must enter an order of disposition. OCGA § 15-11-65 (a). And orders of disposition are final judgments, directly appealable under OCGA § 5-6-34 (a) (1). See *M. K. H. v. State*, 132 Ga. App. 143, 144 (207 SE2d 645) (1974). For these reasons, we conclude that an order of disposition entered upon the revocation of a juvenile's probation is directly appealable.

2.    N. M. argues that the revocation of a juvenile's probation is a new action, and accordingly, the juvenile court must impose a disposition in accordance with the law as it exists at the time of revocation, not at the time of the juvenile's behavior for which he was originally adjudicated delinquent. This necessarily means that he argues that the purpose of the order of disposition for the probation violation is to sanction the probation violation. The crux of this case, therefore, is whether the order of disposition entered upon the revocation of N. M.'s probation should be considered a sanction for the original act of delinquency, in which case the repeal of

5

OCGA § 15-11-63 (a) (2) (B) (iv) (2010) would have no effect, or for the violation of probation, in which case N. M. would not be subject to the repealed OCGA § 15-11-63 (a) (2) (B) (iv) (2010).

Although juvenile court proceedings are not criminal proceedings and an adjudication of delinquency is not a criminal conviction, OCGA § 15-11-72, we nonetheless recognize the quasi-criminal aspects of juvenile law, *M. J. W. v. State*, 133 Ga. App. 350, 353 (2) (210 SE2d 842) (1974), and we often look to criminal cases for guidance. See, e.g., *In the Interest of D. C.*, 307 Ga. App. 542, 543 n. 5 (705 SE2d 313) (2011) (citing *Pinkston v. State*, 277 Ga. App. 432, 433 (2) (626 SE2d 626) (2006) and *Bynum v. State*, 300 Ga. App. 163, 168 (7) (684 SE2d 330) (2009), regarding the timing of raising an ineffective assistance of counsel claim); *In the Interest of B. C.*, 169 Ga. App. at 202 (citing *Lester v. Foster*, 207 Ga. 596, 597 (63 SE2d 402) (1951), for the proposition that a juvenile court may not revoke probation sua sponte, and *Scott v. State*, 131 Ga. App. 504 (206 SE2d 137) (1974), regarding due process concerns).

In the criminal context, it is clear that postrevocation penalties relate to the original offense. *Johnson v. United States*, 529 U. S. 694, 700-701 (II) (A) (120 SC 1795, 146 LE2d 727) (2000). Applying this principle in *Postell v. Humphrey*, 278 Ga.

651 (604 SE2d 517) (2004), the Georgia Supreme Court rejected our implicit holding in *Jones v. State*, 260 Ga. App. 401 (579 SE2d 827) (2003), that probation revocation is a punishment for the new offense of violating the conditions of supervised release.

In the juvenile context, we have addressed a similar issue arising from a double jeopardy challenge to the revocation of a juvenile's probation. In *In the Interest of B. N. D.*, 185 Ga. App. 906 (366 SE2d 187) (1988), we held that revoking probation that had been imposed for the designated felony of aggravated assault and imposing restrictive custody did not violate double jeopardy concerns even though the juvenile already had been subjected to probation for the aggravated assault. We held that "it is permissible to subject probation violators to the sentence which might have originally been imposed upon them in lieu of probation. . . ."(Citation omitted.) Id. at 907. We observed that the original disposition order, like N. M.'s original disposition order, imposed probation "until further order" of the court. Id. at 908. In other words, we linked the order of disposition entered upon revocation of probation to the original offense.

The juvenile code's probation revocation provision is found in the paragraph concerning the juvenile court's authority to modify its dispositions, implying that revocation results in the modification of the original order of disposition, not a new

7

proceeding. "The cardinal rule of statutory construction is to seek the intent of the Legislature, and language in one part of a statute must be construed in the light of the legislative intent as found in the statute as a whole." (Citation and punctuation omitted.) *Fair v. State*, 288 Ga. 244, 252 (2) (702 SE2d 420) (2010). OCGA § 15-11-40 (b) provides in its entirety:

> An order of the [juvenile] court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department of Juvenile Justice, after the child has been transferred to the physical custody of the Department of Juvenile Justice, or an order of dismissal. An order granting probation to a child found to be delinquent or unruly may be revoked on the ground that the conditions of probation have not been observed.

This suggests that the revocation of a disposition order for violation of the terms of probation presents to the juvenile court the issue of whether there should be a change in the form or course of rehabilitation that previously had been ordered because of the prior adjudication of delinquency.

Relying on *K. E. S. v. State*, 134 Ga. App. 843 (216 SE2d 670) (1975), N. M. argues that revocation of a juvenile's probation is a new action, and accordingly, the law as it exists at the time of revocation must be applied. In *K. E. S.*, we held that "a

8

hearing in juvenile court seeking termination of probation must be treated as a delinquency trial," and therefore a juvenile is entitled to certain protections during the revocation proceeding, such as the right to counsel. Id. at 846-847 (1) (A). We did not hold that probation revocations are new proceedings.

On the other hand, we have held that before a juvenile court can revoke probation, a petition for revocation must be filed; a delinquency petition alleging a probation violation is not sufficient to revoke a juvenile's probation imposed for his previous adjudication of delinquency. *In the Interest of T. F.*, __ Ga. App. __ (__ SE2d __) (Case No. A11A1508, decided Mar. 6, 2012); *In the Interest of B. S. L.*, 200 Ga. App. 170, 171 (407 SE2d 123) (1991); *In the Interest of B. C.*, 169 Ga. App. at 201-202 ("[B]efore a juvenile court may revoke an order granting probation, a petition must be filed requesting such relief."). But when "a probation revocation petition [is] filed . . , *then* the juvenile court [is] authorized to enter a dispositional order pursuant to [the designated felony statute] if the *original* [delinquent act is] is shown to be a designated felony act." (Punctuation omitted; emphasis in original). *In the Interest of B. S. L.*, 200 Ga. App. at 171. We conclude that a dispositional order imposed upon the revocation of probation relates to the original delinquent act.

9

We observe that to adopt N. M.'s position could create ex post facto concerns. Among other things, an ex post facto law inflicts "a greater punishment than was permitted by the law in effect at the time of the commission of the offense." *Hamm v. Ray*, 272 Ga. 659 (1) (531 SE2d 91) (2000). If the legislature had amended the designated felony statute to *increase* the consequences of committing a designated felony, N. M. could not have been sanctioned under the law so amended. In *Johnson*, 529 U. S. at 700 (II) (A), the United States Supreme Court described the view espoused by N. M. as having the potential of raising "serious constitutional questions" and observed that "[t]reating postrevocation sanctions as part of the penalty for the initial offense . . . avoids these difficulties."

We acknowledge that in adult criminal cases a violation of probation usually results in the activation of a previously imposed sentence because on probation, the defendant is "merely serving his sentence outside the confines of prison." *State v. Wiley*, supra, 233 Ga. at 318. In contrast, in juvenile cases a probation violation usually results in a new imposition of probation or even confinement. Even with these differences, the better view is to treat the revocation of a juvenile's probation as analogous to the revocation of probation in the criminal justice system, in that the new order of disposition is a sanction for the original offense for which the juvenile

10

was adjudicated delinquent. See *United States v. J. W. T.*, 368 F.3d 994, 995-996 (II) (8th Cir. 2004); *State ex rel. C. V.*, 990 A2d 640, 649-650 (III) (A) (N. J. 2010)*; In re O'Neal*, 585 SE2d 478, 481 (N. C. App. 2003)*.*

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*