**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

December 11, 2012

# In the Court of Appeals of Georgia

A12A1752. IN THE INTEREST OF: C. H., A CHILD.

ELLINGTON, Chief Judge.

On December 21, 2011, 17-year-old C. H. was charged in a delinquency petition with public indecency, OCGA § 16-6-8 (a) (2), and with a violation of probation.[1] C. H. admitted to both counts during a March 26, 2012, dispositional hearing, and the juvenile court sentenced him to concurrent periods of probation and to 30 days confinement in a youth development center, but the court allowed C. H.

---

[1] OCGA § 15-11-2 (6) (B) provides that a delinquent act includes "[t]he act of disobeying the terms of supervision contained in a court order which has been directed to a child who has been adjudged to have committed a delinquent act." In the instant case, the petition was not one seeking probation revocation pursuant to OCGA § 15-11-40, but one brought pursuant to OCGA § 15-11-65 (a). Count II alleged that C. H., by violating the terms of a previous supervision order, committed a separate delinquent act.

to begin serving his period of confinement on May 31, 2012,[2] after the end of the school year. In an order clarifying its disposition, the juvenile court noted that the adjudication of delinquency was founded on a finding that C. H.'s act of public indecency, if committed by an adult, would constitute a misdemeanor. On April 10, 2012, the juvenile court entered an order staying that portion of the adjudication concerning C. H.'s confinement until the resolution of this appeal.

C. H. contends that the juvenile court was not authorized to impose a period of confinement in a youth development center as a disposition for the delinquent act of public indecency. We agree. For the reasons that follow, we vacate the court's

---

[2] Contrary to the State's assertion, C. H.'s March 26 dispositional order is ripe for review. It is undisputed that the juvenile court required C. H. to serve a period of confinement in its final written order. The record also contains a summons issued by the juvenile court clerk on March 26 commanding C. H. to "report for short term program" on May 31, 2012. Although the juvenile court permitted C. H. to begin serving his 30-day period of confinement at a later date "by separate order," the final disposition, when entered, was not contingent upon the happening of any future event, nor had the court failed to impose punishment on any remaining counts of the petition. The disposition was definite and had been reduced writing. Therefore, it was ripe for review. See, generally, *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002) (discussing finality). Nor is the disposition "moot." C. H. has not served his period of confinement, nor has the time for serving it passed, as the court has entered an order staying such service pending appeal. See, generally, *Chaplin v. State*, 141 Ga. App. 788, 789 (1) (234 SE2d 330) (1977) (discussing mootness).

disposition order and remand the case for the entry of a new disposition order consistent with this opinion.

The juvenile court is authorized to impose a period of confinement in a youth development center when a child has been adjudicated delinquent, but only if certain prerequisites have been met. OCGA § 15-1-66 (b) provides that, "[a]t the conclusion of the dispositional hearing provided in subsection (a) of Code Section 15-11-65, if the child is found to have committed a delinquent act," the juvenile court may, in the exercise of its discretion, order the child to serve up to a maximum of 30 days in a youth development center in those cases involving:

(i) An offense that would be a felony if committed by an adult; or

> (ii) An offense that would be a misdemeanor of a high and aggravated nature if committed by an adult and involving bodily injury or harm or substantial likelihood of bodily injury or harm, in addition to any other treatment or rehabilitation[.]

OCGA § 15-11-66 (b) (2) (A). C. H.'s delinquent act does not constitute an act which, if committed by an adult, would be punishable either as felony or as a misdemeanor of a high and aggravated nature involving bodily injury or harm or the substantial likelihood of the same. See OCGA § 16-6-8 (b) (punished as misdemeanor). No other provision of OCGA § 15-11-66 allows for the imposition of confinement to a youth

3

development center under the circumstances of this case. Consequently, the juvenile court's sentence exceeds that allowed by law and is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (Under Georgia law, "[a] sentence is void if the court imposes punishment that the law does not allow.") (citations and punctuation omitted).

Finally, the state did not file a petition for probation revocation, and the juvenile court was not allowed to impose a period of confinement concerning the delinquent act of "violation of probation" by treating the dispositional hearing as a probation revocation proceeding. As we have held, due process requires that "before a juvenile court may revoke an order granting probation, a petition must be filed requesting such relief." *In re B. C.*, 169 Ga. App. 200, 201 (311 SE2d 857) (1983) ("[N]o petition to revoke appellant's probation was ever filed in the juvenile court. Indeed, it appears that only a petition of delinquency was filed[.]").

*Judgment vacated and case remanded with direction. Phipps, P. J., and Dillard, J., concur.*