

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

IN THE MATTER OF THE CARE AND )
TREATMENT OF JUSTIN )
HAGGERMAN, a/k/a JUSTIN C. )
HAGGERMAN, a/k/a JUSTIN COLE )
HAGGERMAN, )
) **WD84144**
)
Appellant, )
) **OPINION FILED:**
v. ) **December 28, 2021**
)
)
STATE OF MISSOURI, )
)
Respondent. )

**Appeal from the Circuit Court of Benton County, Missouri
The Honorable Mark B. Pilley, Judge**

**Before Division One:** W. Douglas Thomson, Presiding Judge, and
Alok Ahuja and Karen King Mitchell, Judges

Justin Haggerman appeals, following a bench trial, his civil commitment as a sexually violent predator. Haggerman raises a single claim on appeal. He argues that trial counsel provided ineffective assistance in advising Haggerman to waive his right to a jury trial. Finding no error, we affirm.

## Background

On July 2, 2008, Haggerman pleaded guilty to first-degree statutory rape. While serving his sentence, Haggerman attended the Missouri Sex Offender Program (MOSOP). Before his

scheduled release from prison, Haggerman was evaluated by Dr. Nena Kircher for an end-of-confinement report. Dr. Kircher opined that Haggerman had a mental abnormality that made it more likely than not that he would commit future acts of sexual violence if not confined and, therefore, met the definition of a sexually violent predator (SVP). Dr. Kircher referred the matter to the multidisciplinary team who also found that Haggerman appeared to meet the definition of an SVP. A Prosecutor's Review Committee likewise determined that Haggerman met the definition of an SVP and, thereafter, the Attorney General filed a petition to have Haggerman civilly committed as an SVP.

The State initially exercised its right to seek a jury trial, but both parties subsequently filed a joint waiver of a jury trial. At the bench trial, the court received testimony from Dr. Kircher, as well as Dr. Christopher Robinson, a forensic psychologist for the Department of Mental Health; Dr. Christina Pietz, a freelance forensic psychologist; and Haggerman. The testimony from the various witnesses established Haggerman's criminal history, as well as his various psychiatric diagnoses of pedophilic disorder, borderline personality disorder, and/or paraphilic disorder. Dr. Robinson believed that, based on Haggerman's history, his mental abnormality caused him serious difficulty controlling his behavior. Based on a series of scoring instruments, Drs. Kircher and Robinson determined that Haggerman was more likely than not to commit a sexually violent offense if not confined. Dr. Pietz, however, concluded that Haggerman was not more likely than not to commit future acts of sexual violence if released into the community. The trial court found that Haggerman is an SVP and ordered him committed to the custody of the Department of Mental Health for control, care, and treatment. Haggerman appeals.

**Analysis**

Haggerman raises a single claim on appeal. He argues that trial counsel was ineffective in advising Haggerman to waive his right to a jury trial because Haggerman received no strategic benefit from this waiver.

An alleged SVP "shall have the right to demand that the trial be before a jury." § 632.492.[1] Here, however, Haggerman and the State jointly waived their respective rights to demand a jury trial. Haggerman now alleges that his counsel's advice to waive a jury trial amounted to ineffective assistance.

The SVP Act (§ 632.480 et seq.), while providing a right to counsel, does not provide an avenue for persons committed thereunder to raise claims of ineffective assistance of counsel. But "an SVP's due process right to counsel in SVP proceedings would be hollow were there no accompanying requirement [that] counsel be effective." *In re Care & Treatment of Grado*, 559 S.W.3d 888, 896 (Mo. banc 2018). Therefore, the Missouri Supreme Court recognized that a person committed as an SVP may raise a claim of ineffective assistance of counsel on direct appeal from the civil commitment if the "alleged errors can be determined through review of the appellate record." *Id*. at 898. But, because the claim before the Court met this criterion, the Court did not delineate how to evaluate claims of ineffective assistance that could not be determined from the record on appeal. *Id*. at 897.

The year after deciding *Grado*, the Missouri Supreme Court addressed a similar issue in a juvenile matter. *In re D.C.M.*, 578 S.W.3d 776 (Mo. banc 2019). In *D.C.M.*, the juvenile raised a claim of ineffective assistance of counsel for failure to investigate on direct appeal from his delinquency adjudication. *Id*. at 782. The Court recognized that ineffective assistance claims

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

based on a failure to investigate or prepare for trial are typically not ones that could be addressed on direct appeal because "the record is likely to be incomplete" in these scenarios. *Id*. at 783. Therefore, the Court held that the matter should be remanded to the trial court for an evidentiary hearing. *Id*. at 785. It directed that, if the court on remand found counsel to be ineffective, the juvenile should be granted a new hearing. *Id*. at 785. But if the claim of ineffective assistance was rejected, the juvenile could appeal, and the record on appeal should include the new evidence adduced at the evidentiary hearing. *Id*.

The Court did not, however, indicate whether an evidentiary hearing is required in *all* scenarios raising ineffective assistance claims that cannot be determined from the face of the record or whether there are limitations on the ability to obtain an evidentiary hearing. In deciding that an evidentiary hearing should be available, the Court relied on similar law from Georgia, specifically the case of *In re D.C.*, 705 S.E.2d 313 (Ga. Ct. App. 2011). In *D.C.*, the Georgia court held that "remand is not necessary when it appears as a matter of law that the appellant cannot satisfy the two-prong [*Strickland*] test[2] to establish ineffectiveness of counsel." *Id*. at 314 (quoting *In re J.B.*, 477 S.E.2d 874, 876 (Ga. Ct. App. 1996) (en banc)). Similarly, in the post-conviction context, Missouri courts hold that an evidentiary hearing need not be granted unless the movant "(1) allege[s] facts, not conclusions, warranting relief; (2) raise[s] factual matters that are not refuted by the file and record; and (3) raise[s] allegations that resulted in prejudice." *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013); Rules 24.035(h), 29.15(h).[3] *See also In re Care and Treatment of Davis*, WD83673, 2021 WL 4156289, *5 (Mo. App. W.D. Sept. 14, 2021) (rejecting alleged SVP's claims on appeal of ineffective assistance of counsel due to insufficient allegations of fact that, if true, would require relief).

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).
[3] All rule references are to the Missouri Supreme Court Rules (2021).

The Missouri Supreme Court has not yet determined the proper standard to apply to claims of ineffective assistance in the SVP context, instead addressing claims before it under both the "meaningful hearing" standard, applicable to cases involving the termination of parental rights, and the *Strickland* standard, applicable to claims for post-conviction relief. *Grado*, 559 S.W.3d at 898. The "meaningful hearing" standard requires the reviewing court to determine whether the alleged SVP had a "meaningful opportunity to participate and be heard in the entire judicial process." *In re Care and Treatment of D.N.*, 598 S.W.3d 108, 122 (Mo. banc 2020) (considering whether the alleged SVP had the "opportunity to cross-examine witnesses, present his own evidence, and testify in his own defense"). The *Strickland* standard requires the person alleging ineffective assistance to show by a preponderance of the evidence that counsel provided deficient performance resulting in prejudice. *Grado*, 559 S.W.3d at 898.

Based on the precedent established in *Grado*, *D.C.M.*, and *D.C.*, we are to take the following approach when dealing with claims of ineffective assistance of counsel raised on direct appeal from an SVP civil commitment:

    (1) If the claim raised may be determined based on the record before us, we decide the matter on appeal;

    (2) If, however, the record is insufficient to determine the merits of the claim, we then consider whether to remand for an evidentiary hearing;

    (3) If the claim raises sufficient allegations, remand is appropriate; if not, we may reject the claim outright; and

    (4) In all scenarios, we evaluate the claim using both the "meaningful hearing" standard and the *Strickland* standard.

5

A review of the record reveals that Haggerman is not entitled to relief under the "meaningful hearing" standard, as he plainly received a meaningful hearing, despite his waiver of a jury trial. Haggerman received a full and fair trial, wherein the State presented the evidence supporting its petition for civil commitment, and Haggerman's counsel cross-examined the State's witnesses and presented evidence on Haggerman's behalf, including Haggerman's own testimony. Thus, we reject his claim under the "meaningful hearing" standard.

As for the *Strickland* standard, Haggerman argues that his claim is one that cannot be determined based on the record provided, and he advocates that we remand the matter for an evidentiary hearing. We agree with Haggerman that the record is insufficient to permit a full review on the merits of his claim of ineffective assistance insofar as the record reveals only that Haggerman waived his right to a jury trial, but it does not reveal any other facts necessary to the determination of how that decision was made. And, because advice to waive a jury trial can be based upon reasonable trial strategy, *Smith v. State*, 837 S.W.2d 25, 28 (Mo. App. W.D. 1992), it is imperative that we know the facts surrounding both the advice and Haggerman's decision to determine whether counsel's performance was deficient.

We decline to remand for an evidentiary hearing, however, because Haggerman has failed to allege a viable claim of ineffective assistance of counsel under the *Strickland* standard. Haggerman's allegations that counsel provided deficient advice are extremely limited. Haggerman alleges only that this was not a highly technical case, and that he did not receive any affirmative benefit from his decision to waive a jury. Haggerman does not describe the nature of his discussions with counsel concerning the jury-trial issue, the basis on which his counsel advised him to waive a jury trial, or any reasons why that advice was deficient. Moreover, Haggerman utterly fails to allege any resulting prejudice from counsel's advice to waive a jury trial. In the

6

post-conviction context, "[n]o hearing is required in the absence of allegations showing prejudice." *Stanley v. State*, 420 S.W.3d 532, 544 (Mo. banc 2014) (quoting *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997)).

We recognize that there may be some conflict in the case law concerning the standard for assessing prejudice where a defendant alleges that counsel incompetently advised the defendant to waive a jury trial. *See Sprofera v. State*, 613 S.W.3d 822, 832-33 (Mo. App. W.D. 2020). In this case, however, Haggerman has made no claims whatsoever that the outcome of his trial would have been different but for counsel's advice to waive a jury trial, or even that he would not have waived a jury trial absent counsel's advice to do so. Thus, Haggerman's allegations are plainly deficient because of his complete failure to address the prejudice question at all. Remanding for an evidentiary hearing under these circumstances would be a waste of judicial resources. Point denied.

### Conclusion

Haggerman has failed to raise sufficient allegations to establish that trial counsel was ineffective in advising him to waive his right to a jury trial. The trial court's judgment is affirmed.

_____
Karen King Mitchell, Judge

W. Douglas Thomson, Presiding Judge, and Alok Ahuja, Judge, concur.